UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COMPASS BANK, | ) | Civil No. 13-CV-0654-BAS (WVG) |
| Plaintiff, | ) | |
| v. | ) | ORDER SETTING BRIEFING |
| | ) | SCHEDULE FOR DISCOVERY |
| MORRIS CERULLO WORLD | ) | DISPUTE |
| EVANGELISM, | ) | |
| | ) | |
| Defendant. | ) | [DOC. NO. 84] |
| | ) | |
| | ) | |

## I. **BACKGROUND**

On December 15, 2014, Defendant Morris Cerullo World Evangelism ("Defendant") filed an *Ex Parte* Motion to Continue Case Management Order Deadlines.[1]  (Doc. No. 84.) In its *Ex Parte* Motion, Defendant requests that the Court continue the January 20, 2015, discovery deadline, and the February 20, 2015, motion cutoff for a period of 60-90 days.  Id. at 8.  Defendant notes that the primary purpose for the extension request is to allow the parties to coordinate approximately 15 planned depositions.  Id. at 2.

---

[1] Defendant represents that this extension request is unopposed, creating the impression that Plaintiff supported in full not only the request for the extension, but the length of the extension.  However, Plaintiff, while not opposing the extension request, opposes the length of the extension.

On December 15, 2014, Mr. Patrick Kane, counsel for Plaintiff Compass Bank ("Plaintiff"), filed a Declaration in Support of Plaintiff's Opposition to Defendant's *Ex Parte* Motion. (Doc. No. 85.) In his Declaration, Plaintiff's counsel argued that there is no need to extend the discovery deadline beyond 30 days, as the parties can complete all necessary depositions by February 20, 2015, if not sooner. Id. at 2.

## II. DISCUSSION

### A. NO GOOD CAUSE TO EXTEND DISCOVERY OR MOTION CUTOFF BY 60-90 DAYS

Rule 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n. 6 (9th Cir.2007); citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). In Johnson, the Ninth Circuit explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed .R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Johnson, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference ..." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.Cal. Jun. 16, 1999).

Here, the Court held a Case Management Conference ("CMC") more than one year ago, on December 4, 2013. (Doc. No. 40.) However, the parties did not begin written discovery until April of 2014. On June 6, 2014, the Court stayed discovery for 53 days while the parties determined whether additional parties would be served in this litigation. The parties were engaged in discovery from December of 2013 through April of 2014, and again

1   from June of 2014 through the present.  However, the parties did not begin discussing
2   deposition schedules until October of 2014.  While the Court appreciates that the parties had
3   an interest in conducting discovery prior to deposing witnesses, scheduling the first
4   deposition for December 16, 2014, with a January 20, 2015, discovery cutoff, shows a lack
5   of diligence in conducting discovery.

6          Further, Defendant notes that one of its witnesses, Lynn Hodge, has been ordered by
7   a doctor to avoid stressful interactions or situations over the next several weeks.  (Doc. No.
8   84 at 5.)  However, in the next paragraph, Defendant states that it has an Annual World
9   Conference from January 6-10, "which requires a significant amount of time and preparation
10  by Mr. Hodge..."  Id.  The Court finds that, if Mr. Hodge is well enough to plan an Annual
11  World Conference for the beginning of January, then he is well enough to sit for his
12  deposition in December.

13         Moreover, Defendant asserts that the scheduling issues are exacerbated by the
14  Christmas and New Year's holidays, which effectively eliminates the last two weeks of
15  December as viable deposition dates.  (Doc. No. 84 at 6.)  Defendant makes no attempt to
16  explain why these two weeks are essentially eliminated from the schedule as available
17  deposition dates, other than to say that it is the Christmas and New Year's holidays.

18         The Court finds that Defendant has provided no justification as to why it needs an
19  extension of the discovery cutoff and motion deadline for 60 days, rather than for 30 days.
20  The Court typically sets a dispositive motion deadline for a date approximately 30 days after
21  the discovery deadline.  Here, because the Court will grant Defendant's request in part and
22  extend the discovery deadline by 30 days, it will also grant Defendant's request to extend the
23  dispositive motion deadline by a corresponding 30 days.

24  //
25  //
26  //
27  //
28  //

13CV0654

## III. **RULING**

The Court hereby GRANTS IN PART and DENIES IN PART Defendant's *Ex Parte* Motion.  All discovery shall be completed by all parties on or before **February 20, 2015**.[2] All motions, other than motions to amend or join parties, or motions in limine, shall be filed on or before **March 20, 2015**.  No further extension requests will be granted.

IT IS SO ORDERED.

DATED:  December 22, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge

---

[2] "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions and the resolution of any discovery disputes.**  All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

13CV0654