UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COMPASS BANK,

Plaintiff,

v.

MORRIS CERULLO WORLD EVANGELISM,

Defendant.

Civil No. 13-CV-0654-BAS (WVG)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS

[DOC. NO. 158]

**I. INTRODUCTION**

In an Order issued on December 22, 2014, the Court ordered all discovery to be completed by all parties on or before February 20, 2015. (Doc. No. 86 at 4.) A footnote immediately following that sentence clarified "completed" meant all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions and the resolution of any discovery disputes**. Id. at n.2 (emphasis in original). Additionally, that Court Order, the Scheduling Order in this case (Doc. No. 40), and this Court's Chambers Rules require that all disputes concerning discovery be brought to the Court's attention no later than thirty days following the date

upon which the event giving rise to the discovery dispute occurred. Id; Doc. No. 40 at 2; Judge Gallo's Chambers Rule IV. Counsel are required to meet and confer pursuant to the requirements of Federal Rule of Civil Procedure ("Rule") 26 and this Court's Civil Local Rule 26.1(a). (Doc. No. 86 at 4, n.2; Judge Gallo's Chambers Rule IV.)

On April 16, 2015, Plaintiff filed a Motion to Compel Discovery and Request for Sanctions. (Doc. No. 158.) In its Motion, Plaintiff alleges that it did not receive numerous discovery items from Defendant. Id. Plaintiff seeks Court intervention to compel those items, as well as sanctions for Defendant's alleged discovery violations. Id. On April 30, 2015, Defendant filed an Opposition to Plaintiff's Motion (Doc. No. 162), and on May 7, 2015, Plaintiff filed a Reply (Doc. No. 164).

## II. PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff argues that Defendant has failed to provide complete discovery responses and failed to produce key witnesses for deposition. Specifically, Plaintiff claims that Defendant failed to: (1) produce the Mora fax[1/] and corresponding fax logs; (2) provide dates of availability to depose two key witnesses; and (3) produce audio recordings that are in its possession. Plaintiff argues that during a Discovery Hearing on Defendant's Motion for Sanctions on April 2, 2015, Defendant raised complaints after discovery had closed about Plaintiff not providing complete discovery responses, and Defendant raised these complaints without properly meeting and conferring. After the Discovery Hearing, the Court issued an Order Granting Defendant's Motion for Sanctions. (Doc. No. 166.) Therefore, Plaintiff argues, because the Court entertained Defendant's discovery complaints, Plaintiff's instant Motion is also proper.

Plaintiff claims that it is prejudiced by Defendant's failure to provide complete discovery responses, as many of the withheld documents support Plaintiff's position in this case. It argues that the information sought is critical to disputing Defendant's counterclaims.

[1/] In its Motion, Plaintiff states that it recently learned that third party witness, Lisa Mora, sent a facsimile transmission to Defendant officer Roger Artz, which provided notice to Defendant that the subject loan transaction was likely fraudulent. (Doc. No. 158-1 at 3.) Throughout its Motion, Plaintiff refers to this fax as the "Mora fax." Id.

Further, Plaintiff claims that it no longer has the ability to depose key Defense officers concerning the content of the numerous documents that Defendant has wrongly withheld and failed to produce in a timely manner.

Finally, Plaintiff asks that this Court sanction Defendant for its bad faith failure to produce documents and information crucial to Plaintiff's position as it is a clear abuse of the discovery process.

**A. DEFENDANT FAILED TO DISCLOSE ITS PREVIOUS TRANSACTIONS WITH CHRISTOPHER HAMMATT**[2]

**1. PLAINTIFF'S ARGUMENT**

Plaintiff alleges that the first of Defendant's many discovery abuses came to Plaintiff's attention in July of 2014. (Doc. No. 158-1 at 4.) Plaintiff claims that it later received documents from Defendant that should have been disclosed in response to Plaintiff's first round of discovery requests. Id. at 5.

**2. COURT'S RESPONSE**

This dispute is untimely. This Court's Chambers Rules require parties to notify the Court of discovery disputes within thirty days of the event giving rise to the dispute. Judge Gallo's Chambers Rule IV. This alleged discovery abuse came to Plaintiff's attention in July of 2014, and Plaintiff filed its instant Motion to Compel Discovery on April 16, 2015. Plaintiff waited nine months to bring this dispute to the Court's attention. The Court will not entertain this dispute.

**B. DEFENDANT STALLED THE COMPLETE PRODUCTION OF HAMMATT'S SUBPOENA RESPONSE**

**1. PLAINTIFF'S ARGUMENT**

Plaintiff claims that Defendant stalled the complete production of Hammatt's subpoena response to Plaintiff, but also notes that "…[Defense] counsel located and produced the lost documents after [Plaintiff] threatened to seek judicial intervention." (Doc. No. 158-1 at 5-6.)

---

[2] Christopher Hammatt is a defaulted Defendant to this litigation.

Plaintiff claims that in or around November of 2014, Defendant informed Plaintiff that it had received a response to a subpoena it previously issued to Hammatt. (Doc. No. 158-1 at 5.) Plaintiff requested that Defendant produce the entire response from Hammatt, but claims that Defendant refused to do so until it had an opportunity to determine if wanted to withhold certain documents. Id. Plaintiff notes that this Court ordered Defendant to produce Hammatt's response in its entirety, but on January 7, 2015, Defendant responded that previously withheld documents from Hammatt's response had been lost or misplaced. Id; Doc. No. 158-2 at 3. Plaintiff claims that, "[a]pproximately two weeks later, [Defense] counsel located and produced the lost documents after [Plaintiff] threatened to seek judicial intervention." Id. at 6. Plaintiff is silent as to when Defendant produced the documents, but does note in a corresponding Declaration that it sent the correspondence demanding production on January 22, 2015. Id; Doc. No. 158-2 at 4.

**2. COURT'S RESPONSE**

This issue is moot and untimely. It is moot because Plaintiff states that Defendant eventually produced all of the documents in response to Hammatt's subpoena. Plaintiff does not indicate what discovery, if any, Defendant has failed to produce. The Court will only rule on ripe discovery disputes.

Further, this issue is untimely because Plaintiff claims that, on January 22, 2015, it demanded production of the entire Hammatt response. Plaintiff waited nearly three months from the date of that correspondence to file the instant Motion. The Court will not entertain this dispute.

//

//

//

//

//

//

//

## C. LARRY SORENSON[3/] RESPONDED TO PLAINTIFF'S SUBPOENA FOR DOCUMENTS

### 1. PLAINTIFF'S ARGUMENT

Plaintiff claims that Sorenson produced discovery that included documents which should have been produced by Defendant in response to Plaintiff's previous discovery requests. (Doc. No. 158-1 at 6-7.) Plaintiff states that, on February 3, 2015, it sent correspondence to Defendant, demanding complete discovery responses and expressing concern that the documents Sorenson produced contradicted the deposition testimony of Defendant's witnesses. Id. at 7.

### 2. COURT'S RESPONSE

Although Plaintiff is silent as to when Defendant's discovery responses were due, this dispute is untimely. As discussed above, the Court's Discovery Order filed on December 22, 2014, clearly stated that all discovery shall be completed by all parties on or before February 20, 2015, and instructed that "[c]ompleted" meant that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for...**any motions and the resolution of any discovery disputes**. (Doc. No. 86 at 4, n.2)(emphasis in original). Further, that specific Court Order, the Scheduling Order in this case, and this Court's Chambers Rules require that all disputes concerning discovery be brought to the Court's attention no later than 30 days following the date upon which the event giving rise to the discovery dispute occurred. Id; Doc. No. 40 at 2; Judge Gallo's Chambers Rule IV.

Discovery closed on February 20, 2015, and thus, Plaintiff failed to comply with this Court's Order to have all discovery completed by that date. Further, Plaintiff claims it sent Defendant correspondence on February 3, 2015, demanding complete discovery responses.

---

[3/] In its Motion, Plaintiff states that this litigation arises from factual allegations concerning a purported $3.5 million loan Defendant extended on or about October 1, 2012 to Hammatt and Larry Sorenson of Arrowmark, LLC, allegedly secured by a fraudulent letter of credit worth $5.2 million. (Doc. No. 158-1 at 4.)

Plaintiff waited until April 16, 2015, nearly two and a half months from that date, to bring this issue to the Court's attention. The Court will not entertain this dispute.

**D. DEFENDANT FAILED TO DISCLOSE THIRD PARTY WITNESSES**

**1. PLAINTIFF'S ARGUMENT**

Plaintiff claims that Defendant failed to identify third party witnesses Lisa Mora and Andy Castro. (Doc. No. 158-1 at 7.) Instead, Plaintiff claims that it learned of Mora in January of 2015. Plaintiff contends that it learned of Mora for the first time on January 26, 2015, after it received and reviewed emails from October 2012 that had just been provided to Defendant by Sorenson. (Doc. No. 158-2 at 4.) Mora at that time recommended that Plaintiff also speak with Castro. (Doc. No. 158-1 at 7.)

Mora was deposed on February 19, 2015, and Castro was deposed on February 20 and 26, 2015. Id. at 7-8. Plaintiff claims that, subsequent to completing the Mora and Castro depositions, Defense counsel admitted to previously interviewing Mora and Castro as to their knowledge pertaining to the instant litigation. Id. at 8. Plaintiff argues that Defendant failed to disclose these potential witnesses in its Rule 26(a) disclosures, and did not identify Mora or Castro in its responses to Plaintiff's discovery requests. Id; citing Ex. B, Interrogatory Responses, Nos. 3, 4, 5.

Plaintiff also argues that during her deposition on February 19, 2015, Mora testified that she sent a fax to Defendant officer Artz, demonstrating that a previous business transaction between Hammatt and Defendant was fraudulent. (Doc. No. 158-1 at 7.) Plaintiff contends that Mora testified that she sent this fax before Defendant funded the loan at issue in this litigation. Id. Plaintiff states that it "thereafter demanded [Defendant] produce the Mora fax and its fax logs for September and October of 2012." Id. Although Plaintiff does not specify when it demanded that Defendant produce the Mora fax, in a corresponding Declaration by Mr. Kane, Plaintiff's counsel, he states, "Based upon Mora's deposition testimony, [Plaintiff] immediately demanded [Defendant] produce the Mora fax and the fax logs for September and October 2012. [Defendant] never responded to [Plaintiff's] demands. True and correct copies of [Plaintiff's] March 31, 2015 demand for

the Mora fax, MCWE's fax logs, audio recordings in [Defendant's] possession, and deposition dates for Morris Cerullo and Louis Galuppo is attached to this declaration as Exhibit 'M.'" (Doc. No. 158-2 at 5.) The only date that Plaintiff specifies with respect to the demand for production of the Mora fax is March 31, 2015.

**2. COURT DISCUSSION**

This request for Court intervention is untimely. This Court's Chambers Rules require parties to notify the Court of discovery disputes within thirty days of the event giving rise to the dispute. Judge Gallo's Chambers Rule IV. Plaintiff claims that it learned of Mora in January of 2015, deposed her on February 19, 2015, and deposed Castro on February 20 and 26, 2015. Discovery closed on February 20, 2015, and Plaintiff deposed these witnesses nearly two months before filing the instant Motion to Compel. Plaintiff was aware at the time of the depositions that Defendant failed to disclose these potential witnesses in its Rule 26(a) disclosures and in response to Plaintiff's discovery requests. Plaintiff now claims that, "subsequent to completing the Mora and Castro deposition, Defense counsel admitted to previously interviewing Mora and Castro…" However, Plaintiff is silent as to when it learned of Defendant's interviews with Mora and Castro.

Further, Plaintiff claims that it learned of the Mora fax during Mora's deposition on February 19, 2015, nearly two months before filing the instant Motion. This dispute is untimely and therefore, the Court will not entertain this dispute.

**E. THE COURT HELD A TELEPHONIC DISCOVERY CONFERENCE**

**1. PLAINTIFF'S ARGUMENT**

During a February 19, 2015 Discovery Conference, which was the day before fact discovery closed, the Court ordered the parties to file a Joint Discovery Status Report by February 26, 2015, if any disputes remained. (Doc. No. 158-1 at 9.) On February 26, 2015, the parties filed a Joint Status Report, and on February 27, 2015, the parties filed an updated Joint Status Report. (Doc. Nos. 103-104.) Plaintiff now claims that references to its request for the Mora fax and fax logs, and Defendant's failure to provide dates of availability for the depositions of Morris Cerullo and Lou Galuppo, Defense counsel, were included in the

version of the Joint Status Report that was filed on February 26, 2015, but Plaintiff agreed to Defendant's demand to remove those references and re-file the updated version on February 27, 2015. Id.

**2. COURT'S DISCUSSION**

According to Plaintiff, it agreed to file an amended Joint Status Report to comply with this Court's Order to file a joint discovery report and to avoid another discovery dispute. This does not appear to be a ripe issue, as Plaintiff does not explain what it is currently seeking. Even if there was a ripe issue, the updated Joint Status Report was filed on February 27, 2015, more than 30 days before Plaintiff filed the instant Motion. Further, it was Plaintiff, not Defendant, that actually filed both versions on the docket. Plaintiff agreed to remove its reference to these alleged issues, and cannot complain to the Court nearly two months later that there are ripe and timely discovery issues that it failed to address earlier. This Court's Chambers Rules require parties to notify the Court of discovery disputes within thirty days of the event giving rise to the dispute. Judge Gallo's Chambers Rule IV. Therefore, to the extent that there may be a ripe dispute here, and the Court is not convinced that there is, any dispute is untimely. The Court will not entertain this dispute.

**F. HAMMATT RESPONDED TO PLAINTIFF'S SUBPOENA**

**1. PLAINTIFF'S ARGUMENT**

On or about March 6, 2015, Plaintiff received a response to its subpoena for documents it previously served on Hammatt. (Doc. No. 158-1 at 9.) Plaintiff claims that Hammatt's response revealed over 30 pages of email communications between Artz[4/] and Hammatt that Defendant had not produced to Plaintiff. Id. Plaintiff argues that in correspondence dated February 20, 2015, it requested that Defendant preserve all documents and information in light of the parties' February 19, 2015 telephonic Discovery Conference and Hammatt's pending subpoena response. Id.

//

//

[4/] Roger Artz is a Defendant officer.

2. **COURT'S DISCUSSION**

This dispute is untimely. This Court's Chambers Rules require parties to notify the Court of discovery disputes within 30 days of the event giving rise to the dispute. Judge Gallo's Chambers Rule IV. Plaintiff received Hammatt's response to the subpoena on March 6, 2015. The receipt of subpoenaed documents two weeks after fact discovery had closed is reason enough not to consider Plaintiff's Motion. In addition, the 30 day deadline to bring the dispute to the Court's attention expired on April 6, 2015, and Plaintiff filed the instant Motion on April 16, 2015. The Court will not entertain this dispute.

G. **DEFENDANT FAILED TO PROVIDE DEPOSITION DATES**

1. **PLAINTIFF'S ARGUMENT**

Plaintiff claims that Defendant agreed to produce Cerullo for deposition after the discovery deadline. (Doc. No. 158-1 at 10.) Now Plaintiff argues that Defendant still has not provided dates for the depositions of Cerullo or Galuppo. Id. at 11.

2. **COURT'S DISCUSSION**

The parties agreed to schedule depositions after the discovery deadline, without leave of Court. The parties cannot stipulate to a modification of the discovery schedule without receiving approval from the Court. See Fed.R.Civ.P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") Deadlines expressly established by a Court Order are not to be lightly regarded, subject to modification at parties' whims. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (The Ninth Circuit has emphasized the importance of complying with a district court's scheduling order, noting that it "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") Instead, they represent definite signposts that no party, even with the other's consent and the best of intentions, may circumvent without first obtaining judicial permission. Both parties acted at their own risk. The Court will not entertain this dispute.

//

//

### H. DEFENDANT FAILED TO PRODUCE AUDIO RECORDINGS OF PHONE CALLS

#### 1. PLAINTIFF'S ARGUMENT

Plaintiff asserts that it learned during written discovery that Defendant recorded several phone calls that Lynn Hodge[5/] had with Ms. Gurley, an employee of Plaintiff, Jack Wilkinson[6/], and Agent Gee, a Secret Service agent. (Doc. No. 158-1 at 11.) It contends that Defendant produced the audio recordings' alleged transcripts, but not the audio recordings themselves. Id. Plaintiff argues that it was under the mistaken impression that Defendant was no longer in possession of the audio recordings. Id.

Plaintiff contends that during the March 5, 2015 deposition of Wilkinson, Defendant provided Wilkinson with a transcript of a September 26, 2012 conversation he had with Hodge. (Doc. No. 158-1 at 11; citing Ex. Z; pgs. 77-78; lines 5-20; Declaration of Patrick J. Kane, 40.) Plaintiff claims that Wilkinson denied that the transcript accurately represented his phone call with Hodge, so Defendant informed Wilkinson that it had a copy of the audio recording and threatened to play it during the deposition. Id. Plaintiff notes that Defendant did not follow through on its threat. Id.

Plaintiff argues that, on March 31, 2015, it demanded all relevant audio recordings in Defendant's possession, among other information withheld by Defendant. (Doc. No. 158-1 at 11.)

#### 2. COURT DISCUSSION

This dispute is untimely. This Court's Chambers Rules require parties to notify the Court of discovery disputes within thirty days of the event giving rise to the dispute. Judge Gallo's Chambers Rule IV. Plaintiff does not state that it requested any audio recordings from Defendant during discovery, and instead only argues that it demanded all relevant audio recordings in Defendant's possession on March 31, 2015. On March 5, 2015, Plaintiff learned of the possibility that Defendant had an audio recording of a Wilkinson phone call,

---

[5/] Lynn Hodge is a Defendant officer.

[6/] Jack Wilkinson is a defaulted Defendant to this litigation.

but is silent as to why it waited until March 31, 2015 to request all relevant audio recordings. This delay is especially perplexing considering that the discovery deadline was February 20, 2015. The 30 day deadline to bring this dispute to the Court's attention expired on April 6, 2015. Plaintiff filed the instant Motion on April 16, 2015.

Moreover, Defendant's threat to play the audio recording for Wilkinson during the deposition may have simply been a tactic to try to elicit information. Further, Plaintiff fails to explain why it was "under the mistaken impression" that Defendant was no longer in possession of the audio recordings. The Court will not entertain this dispute.

**III. FEDERAL RULES OF CIVIL PROCEDURE**

The Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. A relatively recent addition, "[t]he purpose of . . . adding the words 'and administered'... [was] to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed.R.Civ.P. 1 advisory committee's note (1993 amend.).

Pursuant to Rule 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed.R.Civ.P. 16(b)(3). The scheduling order "controls the course of the action unless the court modifies it[ ]" and Rule "16 is to be taken seriously." Fed.R.Civ.P. 16(d); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

Rule 16 "recognizes the inherent power of the district court to enforce its pretrial orders through sanctions [], and the discretion of the [trial] judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." Fed.R.Civ.P. 16(f); In re Arizona, 528 F.3d 652, 657 (9th Cir. 2009) (citing e.g., Fed.R.Civ.P. 16(c)(2)), cert. denied, —— U.S. ——, 129 S.Ct. 2852, 174 L.Ed.2d 551, 2009 WL 1738654 (2009). "A scheduling conference order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d

604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D.Me.1985)).

**IV. RULING**

Plaintiff claims that all of the information that it now seeks is critical to this litigation, yet it fails to even attempt to explain why it waited until April 16, 2015, to bring these disputes to the Court's attention. Not only was the instant Motion to Compel filed well beyond the discovery cutoff, but with respect to most of the discovery items, it was also filed well beyond the Court's strict 30 day deadline to bring disputes to its attention. Without offering any reason for the untimely filing of its Motion to Compel, Plaintiff simply asserts that the Court should entertain its Motion despite the extreme tardiness, failure to meet and confer, and blatant disregard for the Court's rules, Orders, and the Federal Rules, because it entertained Defendant's Motion for Sanctions which was filed after the discovery cutoff and without a proper meet and confer session. However, while the Court did entertain Defendant's Motion for Sanctions, there are several important factors that distinguish the parties' two Motions.

First, Defendant filed its Motion for Sanctions on March 17, 2015, less than 30 days after the parties' filed their Joint Status Report. Second, on March 3, 2015, this Court issued an Order to Meet and Confer in Good Faith to Resolve All Discovery Disputes. (Doc. No. 105.) In its Order, the Court warned the parties that it would "not entertain any lingering discovery disputes." Id. at 4. Defendant did not ask for the Court's assistance in resolving any lingering discovery disputes. Instead, Defendant sought only terminating or evidentiary sanctions against Plaintiff for spoliation of evidence related to missing recorded phone calls. (Doc. No. 109.) Defendant did not seek a Court Order compelling Plaintiff to produce discovery after the discovery deadline, as Plaintiff does here.

Third, Defendant brought its dispute regarding spoliation of evidence to the Court's attention prior to the discovery deadline. On February 19, 2015, the Court held a telephonic Discovery Conference during which Defendant discussed the issue of the missing recorded phone calls. The Court ordered the parties to meet and confer and to file a Joint Status

Report if issues remained unresolved. The missing recorded phone calls were addressed in the parties' Joint Status Report. (Doc. No. 104 at 2-3.) In the Joint Status Report, filed on February 27, 2015, the parties informed the Court that "[t]his item is still in dispute." Id. at 3. Less than 30 days after the parties filed the Joint Status Report, Defendant filed its Motion for Sanctions related to the recorded calls. During the Discovery Hearing on Defendant's Motion for Sanctions, Defense counsel told the Court that he believed the parties had satisfied the meet and confer requirement.

Here, Plaintiff failed to bring these discovery issues to the Court's attention until nearly two months after the discovery deadline. Some of the issues of which Plaintiff now complains are not even ripe disputes. Further, there has been no meet and confer over the discovery issues addressed in Plaintiff's Motion to Compel, and Plaintiff concedes this fact by arguing that the Court entertained Defendant's Motion without a meet and confer, and therefore should also entertain Plaintiff's Motion. Additionally, the Court warned the parties in no unequivocal terms on March 3, 2015, that it would not entertain any lingering discovery disputes. (Doc. No. 105 at 4.) That is exactly what Plaintiff asks the Court to do here.

While the Court has the discretion to grant parties some leeway with respect to compliance with its Rules, to grant the relief that Plaintiff currently seeks would be a wholesale disregard of not only the letter of this Court's Chambers Rules, prior Court Orders, and the Federal Rules, but also the spirit of them. Plaintiff's disregard for this Court's Chambers Rules is so egregious and void of any effort to comply, that this Motion does not merit consideration. For the reasons outlines above, the Court hereby DENIES Plaintiff's Motion to Compel Discovery and Request for Sanctions.

IT IS SO ORDERED.

DATED: May 27, 2015

Hon. William V. Gallo
U.S. Magistrate Judge