1
2
3
4
5
6
7
8               UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11   COMPASS BANK,                    )    Civil No. 13-CV-0654-BAS (WVG)
                                      )
12                      Plaintiff,     )    ORDER GRANTING
     v.                                )    DEFENDANT'S MOTION FOR
13                                     )    SANCTIONS AGAINST JACK
     MORRIS CERULLO WORLD              )    WILKINSON
14   EVANGELISM,                       )
                                      )    [DOC. NO. 133]
15                      Defendant,     )
                                      )
16                                     )
                                      )
17   _____ )

18   **I. <u>INTRODUCTION</u>**

19          On February 19, 2015, Defendant Morris Cerullo World Evangelism

20   ("Defendant") filed a Motion for an Order to Show Cause Why Jack Wilkinson Should

21   Not Be Held In Contempt.  (Doc. No. 99.)  In its Order, Defendant argued that, despite

22   noticing his deposition on three separate occasions, Mr. Wilkinson, a defaulted party

23   to this litigation, failed to appear for his deposition.  <u>Id.</u> at 2, 4.  Defendant asserted that

24   it believed Mr. Wilkinson had information that was vital to this case, and sought to

25   obtain that information through a deposition.  <u>Id.</u> at 9.

26   //

27   //

28   //

13CV0654

For good cause shown, the Court granted Defendant's Motion for an Order to Show Cause ("OSC").[1]  (Doc. No. 100.)  On March 5, 2015, the Court held an OSC Hearing.  Mr. Wilkinson was ordered to show cause why he should not be held in contempt for failure to attend his deposition.  Mr. Wilkinson appeared in the under-signed's courtroom for the OSC.  Also appearing at the OSC were Mr. Steven Blake, Mr. Andrew Hall, and Mr. Louis Galuppo on behalf of Defendant, Defense representative, Mr. Lynn Hodge, and Mr. Patrick Kane on behalf of Plaintiff.

During the OSC, the Court ordered Mr. Wilkinson to sit for his deposition at the conclusion of the OSC Hearing.  The Court told Mr. Wilkinson that he was a key witness, and that fact discovery had already concluded in this case.  Mr. Wilkinson was ordered to remain in the courthouse and sit for his deposition for as long as allowed by the Federal Rules of Civil Procedure.  The Court warned Mr. Wilkinson that a violation of its Order would result in very serious sanctions.[2]

---

[1] Defendant titled its Motion, "Motion for an Order to Show Cause Why Jack Wilkinson Should Not Be Held In Contempt." (Doc. No. 99.) However, in its Conclusion section of the Motion, Defendant requested that the Court hold Mr. Wilkinson in contempt, or, in the alternative, issue an Order to Show Cause why he should not be held in contempt. Id. at 9. Therefore, the Court granted Defendant's Motion for an OSC, but to the extent Defendant also sought a contempt order at that time, the Court denied Defendant's request. (Doc. No. 100.)

[2] On March 5, 2015, after one and a half to two hours of deposition testimony, the parties informed the Court that Mr. Wilkinson was ill and they were going to end his deposition for the day. At approximately 1:00 p.m., the Court went back on the record and ordered Mr. Wilkinson to appear at Defense counsel's office on March 6, 2015, at 9:00 a.m., to continue his deposition. Mr. Wilkinson was once again warned that failure to appear for his deposition could result in swift and harsh sanctions. On March 6, 2015, Wilkinson appeared for his continued deposition but the parties once again contacted the Court to inform that they were ending Mr. Wilkinson's deposition early due to his illness. The Court ordered Mr. Wilkinson to return to Defense counsel's office on March 10, 2015, at 9:00 a.m., to resume his deposition. The Court warned Mr. Wilkinson that failure to appear most likely would result in sanctions or a civil contempt order.

During the OSC, the Court inquired as to whether either party would seek monetary sanctions against Mr. Wilkinson for costs related to his failure to appear at the cancelled depositions. Both parties requested additional time to determine whether they would seek monetary sanctions. The Court ordered both parties to notify the Court by March 6, 2015, at 5:00 p.m., as to whether or not they intended to seek monetary sanctions against Mr. Wilkinson.

On March 6, 2015, both parties notified the Court that they intended to seek monetary sanctions against Mr. Wilkinson. Therefore, the Court set a briefing schedule for all parties and Mr. Wilkinson to follow. (Doc. No. 108.) The Court ordered Plaintiff and Defendant to each file a Motion seeking monetary sanctions against Mr. Wilkinson by March 25, 2015. Id. at 3. The Court instructed that the Motions were to include Declarations by counsel, as well as detailed time calculations and descriptions of activities in attempting to obtain Mr. Wilkinson's deposition. Id. The Court ordered that, if the parties sought monetary sanctions related to travel, lodging, or court reporters, they were to provide proof of all costs incurred. Id. The Court also ordered both Plaintiff and Defendant to ensure that Mr. Wilkinson received the Court Order, and to confirm with the Court that he had received the Order. Id. The Court ordered Mr. Wilkinson to lodge with the Court a Response to both Plaintiff's and Defendant's Motions seeking monetary sanctions by April 8, 2015. (Doc. No. 108 at 3.) On March 25, 2015, counsel for both parties confirmed with the Court that they had each provided Mr. Wilkinson with a copy of the Court's Order. Defense counsel informed the Court that Mr. Wilkinson had acknowledged receipt of the Order.

On March 25, 2015, Defendant filed the instant Motion for Sanctions Against Jack Wilkinson. (Doc. No. 133.) Plaintiff declined to file such a motion. Although the Court ordered Mr. Wilkinson to lodge a Response to Defendant's Motion by April 8, 2015, Mr. Wilkinson failed to lodge a Response.

//

//

13CV0654

## II. DEFENDANT'S MOTION FOR SANCTIONS

Defendant claims that it unsuccessfully spent multiple months expending both time and resources in an attempt to obtain deposition testimony from Mr. Wilkinson, a defaulted Cross-Defendant in Defendant's Cross-Complaint. (Doc. No. 133-1 at 1.) On February 19, 2015, Defendant filed its Contempt Motion against Mr. Wilkinson along with a Declaration of attorney Andrew E. Hall ("Hall Dec"). In his Declaration, Mr. Hall outlined the history of Defendant's attempts to obtain Mr. Wilkinson's deposition. (Doc. No. 133-1 at 2.) Defendant now requests monetary sanctions in the amount of $16,555.90 to be issued against Mr. Wilkinson. Id.

### A. DEFENDANT'S ATTEMPTS TO DEPOSE MR. WILKINSON

Defendant claims that, for weeks, if not months, Defense counsel attempted to contact Mr. Wilkinson to obtain deposition dates, times, and locations. (Doc. No. 133-1 at 3.) On October 15, 2014, Mr. Wilkinson sent an email to Defense counsel advising that he could make himself available for a deposition and provided his contact information. Id. On November 14, 2014, Mr. Wilkinson emailed Defense counsel and agreed to appear for a deposition and produce documents on December 16, 2014. Id. Mr. Wilkinson was served with a deposition subpoena on November 19, 2014. Id.

On the afternoon of December 15, 2014, less than 24 hours before his scheduled deposition, Mr. Wilkinson telephoned Defense counsel and asked to reschedule due to child care conflicts. (Doc. No. 133-1 at 3.) Defense counsel agreed to continue the deposition to January 6, 2015 at 10:00 a.m., per Mr. Wilkinson's suggestion. Id. Defendant incurred attorneys' fees in the amount of $90.00 for a telephone call with Mr. Wilkinson to reschedule the deposition. Id.

In an attempt to accommodate Mr. Wilkinson and avoid embarrassment, Defense counsel attempted to coordinate a date, time, and location for service. (Doc. No. 1331-1 at 3.) Mr. Wilkinson responded on December 16, 2014 that he could accept service of Defendant's deposition subpoena on December 17, 2014 at 6:00 p.m. at a Starbucks located in Menifee, California. Id. Mr. Wilkinson was personally served with the subpoena noticing his January 6, 2015 deposition. Id. Defendant incurred

13CV0654

attorneys' fees in the amount of $135.00 to draft a revised subpoena, along with $67.50 in attorneys' fees incurred in preparing instructions for service of the subpoena. Id. Defendant also incurred a cost of $351.30 for service of the subpoena. Id. On January 5, 2015, again less than 24 hours before his scheduled deposition, Defense counsel was informed by Mr. Wilkinson via e-mail that he would be unable to attend the deposition due to a "medical issue that has worsened over the last 5 days." Id. Mr. Wilkinson offered to reschedule, but did not provide a date or time for the rescheduled deposition. Id. at 3-4.

On January 6, 2015, Defense counsel appeared at the deposition as scheduled and, when Mr. Wilkinson failed to appear, recorded his non-appearance. (Doc. No. 133-1 at 4.) As a result, Defendant incurred costs in the amount of $311.00 for the recordation of the non-appearance. Id. In addition, Defendant incurred attorneys' fees in the amount of $1,912.50 in preparing for and attending the deposition. Id.

Between January 6, 2015 and January 21, 2015, Defense counsel made several attempts to obtain a new date for Mr. Wilkinson's deposition. (Doc. No. 133-1 at 4.) On January 26, 2015, Mr. Wilkinson emailed Defense counsel suggesting a February 21, 2015 deposition date. Id. Defense counsel advised Mr. Wilkinson that the discovery cutoff deadline in the case was February 20, 2015 and, thus, February 21, 2015 would not work. Id. Instead, Defense counsel proposed February 3, 2015, but Mr. Wilkinson did not respond. Id. Attorneys' fees in the amount of $117.50 were incurred by Defendant through counsel's various attempts to discuss with Mr. Wilkinson a rescheduled date for his deposition. Id.

On January 29, 2015, Defense counsel advised Mr. Wilkinson that Defendant intended to bring a Contempt Motion due to his continued failure to respond and sit for his deposition. (Doc. No. 133-1 at 4.) On January 30, 2015, Defense counsel received a response from Mr. Wilkinson advising of his availability on February 18, 2015 for his deposition. Id. On February 3, 2015, Defense counsel received an email from Mr. Wilkinson advising that he was able to "excuse himself from work on Thursday the 19th" of February and that a "start time of 9 a.m. or 10 a.m. would be fined [sic],

providing we can still make the Temecula location work." Id.  Mr. Wilkinson provided Defense counsel with a location at which to personally serve him with the subpoena. Id.  The subpoena for his February 19, 2015 deposition was personally served on Mr. Wilkinson on February 4, 2015.  Id.

Defendant incurred attorneys' fees in the amount of $427.50 to draft a revised subpoena, correspond with, and discuss over the phone with Mr. Wilkinson the date and time of the deposition and service of the subpoena.  (Doc. No. 133-1 at 5.)  In addition, Defendant incurred costs in the amount of $181.40 to serve the revised subpoena.  Id. at 5.

On February 18, 2015 at approximately 5:30 p.m., after normal business hours and on the eve of his deposition scheduled at 10 a.m. the next day, Mr. Wilkinson called Defense counsel to advise that he would be unable to attend the deposition due to a medical condition.  (Doc. No. 133-1 at 5.)  On February 19, 2015, Defense counsel was forced to again record Mr. Wilkinson's non-appearance.  Id.  Defendant incurred costs in the amount of $306.00 with its court reporter.  Id.  In addition, Defendant incurred attorney's fees in the amount of $967.50 in preparing for the deposition and subsequent attempts to contact Mr. Wilkinson to schedule a new date for his deposition. Id.

### B. DEFENDANT'S CONTEMPT MOTION

As a result of Mr. Wilkinson's continued evasion of his obligations pursuant to subpoenas to appear for his deposition, Defendant filed a Contempt Motion on February 19, 2015.  Id; citing Doc. No. 99.  Defendant incurred attorney's fees in the amount of $3,442.50 to prepare the Motion, and costs in the amount of $39.95 for service of the Motion.  Id.  The Court set an OSC as to why Mr. Wilkinson should not be held in contempt for his failure to attend his deposition.  Id; citing Doc. No. 100. Defendant incurred additional fees for counsel's review of the OSC, subsequent contacts with Mr. Wilkinson to discuss the OSC to assess whether it would spur him into sitting for his deposition, and the drafting of a revised subpoena.  Id.

13CV0654

On March 5, 2015, this Court held an OSC Hearing.  Defense counsel, Plaintiff's counsel, and Mr. Wilkinson all appeared at the OSC Hearing.  Defendant incurred attorneys' fees in the amount of $990 for counsel's preparation for Mr. Wilkinson's potential deposition on March 5, 2015.  (Doc. No. 133-1 at 5-6.)  During the OSC Hearing, the Court ordered Mr. Wilkinson to immediately sit for his deposition.  Id. at 6.  The Court requested that the parties inform the Court no later than March 6, 2015 whether either intended to seek monetary sanctions against Mr. Wilkinson for his dilatory actions in evading his deposition.  Id.

### C. MR. WILKINSON'S DEPOSITION

Immediately following the OSC Hearing, Mr. Wilkinson sat for his deposition. After approximately two hours, Mr. Wilkinson claimed he was too ill to continue with his testimony.  Mr. Wilkinson was ordered to appear at Defense counsel's office the next day, March 6, 2015, to continue with his deposition.  Defendant incurred attorneys' fees in the amount of $1,395.00 for its attorneys conducting the deposition and costs for its court reporting service in the amount of $801.30.  (Doc. No. 133-1 at 6.)

On March 6, 2015, Mr. Wilkinson appeared for his deposition at Defense counsel's office. (Doc. No. 133-1 at 6.)  The parties were only able to obtain testimony for a short period of time before Mr. Wilkinson again indicated that he was too ill to proceed.  Id.  The parties contacted the Court to advise of the situation and the Court again ordered Mr. Wilkinson to return to Defense counsel's office on March 10, 2015 to complete his deposition.  Id.  As a result of this second abbreviated session, Defendant incurred attorneys' fees in the amount of $1,505.00 for its attorneys' preparation for and attendance at the deposition as well as costs for its court reporting service in the amount of $800.00.  Id.

On March 10, 2015, Mr. Wilkinson appeared at defense counsel's office and sat for his deposition, which concluded that day. (Doc. No. 133-1 at 6.)  Because the deposition concluded on March 10, 2015, Defendant does not seek sanctions against Mr. Wilkinson for the fees and costs derived that day.  Id. at 6-7.

### D. **DEFENDANT'S MOTION FOR SANCTIONS**

Defendant claims it has also incurred fees in the amount of $2,250.00 in preparing the instant Motion for Sanctions, and costs in the amount of $39.95 for service of the Motion for Sanctions.  Id.

### III. **APPLICABLE LAW**

#### A. **DISCOVERY VIOLATIONS**

Under Rule 37(d), if a party fails to appear for his or her deposition, the court may impose any of the sanctions authorized under Rule 37(b)(2)(A), (B), and (C).  In lieu of, or in addition to, those sanctions, the court shall require the party failing to appear to pay the reasonable expenses, including attorney's fees, caused by the failure, unless it concludes that the failure was substantially justified or that other circumstances make an award of expenses unjust.  Fed.R.Civ.P. 37(d); Beard v. Shuttermart of California, Inc., 2007 WL 4224640 (S.D. Cal. Nov. 27, 2007).  Sanctions for failure to appear at a deposition may be imposed even absent a prior court order.  Henry v. Gill Indus., Inc., 983 F.2d 943, 947 (9th Cir. 1993) (repeated cancellations at the last minute constitute a failure to appear).  Moreover, there is no need to find that the failure to attend was "willful."  See Lew v. Kona Hosp., 754 F.2d 1420, 1427 (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished.")  Further, even if a party eventually complied with a discovery order, belated compliance does not preclude the imposition of sanctions.  North Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d 1447, 1451 (9th Cir. 1986).

While discovery violations may be punished through Rule 37, discovery misconduct can also be punished under the court's inherent powers to manage its affairs.  Unigard Security Ins. Co. v. Lakewood Eng. & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992).  Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Id; quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed2d 27 (1991).  The Ninth Circuit has recognized as part of a district court's inherent powers the "broad

13CV0654

1    discretion to make discovery and evidentiary rulings conducive to the conduct of a fair

2    and orderly trial." Id.

3                **B. DETERMINING REASONABLENESS OF FEES**

4           The Ninth Circuit has suggested twelve factors which should be considered

5    by the district court in awarding attorney's fees. Kerr v. Screen Extras Guild, 526 F.2d

6    67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195

7    (1976); see also General Signal Corp. v. Donalico, Inc., 787 F.2d 1376, 1380 (9th Cir.

8    1986).  These factors were developed by the Fifth Circuit in Johnson v. Georgia

9    Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974) and approved by the

10   Ninth Circuit in Kerr.  The Johnson–Kerr factors include the novelty and difficulty of

11   the issues involved in a case, the skill required to litigate those issues, the preclusion

12   of other employment, the customary fee, relevant time constraints, the amount at stake

13   and the results obtained, the experience, reputation, and ability of the attorneys, the

14   nature and length of their professional relationship with the client, the "undesirability"

15   of a case, and awards in similar suits.  United Steelworkers v. Phelps Dodge Corp., 896

16   F.2d 403, 406 n.3 (9th Cir. 1990).

17          An application for an award of fees and expenses should disclose the nature

18   of the services rendered, the amount of attorney time spent, and the rates at which the

19   time was billed to the client. Henry v. Gill Industries, Inc., 983 F.2d 943, 946 (9th Cir.

20   1993).  A fee award may be based on the affidavits of counsel so long as they are

21   sufficiently detailed to enable to court to consider all factors necessary in setting fees.

22   Id.

23          "The most useful starting point for determining the amount of a reasonable fee

24   is the number of hours reasonably expended on the litigation multiplied by a reasonable

25   hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In calculating a

26   reasonable number of hours, the Court "should exclude . . . hours that were not

27   'reasonably expended.' . . . Counsel for the prevailing party should make a good faith

28   effort to exclude from a fee request hours that are excessive, redundant, or otherwise

     unnecessary, just as a lawyer in private practice ethically is obligated to exclude such

hours from his fee submission." <u>Hensley</u>, 461 U.S. at 434.  In other words, "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." <u>Id.</u>

The Court must also determine whether the requested hourly rates are reasonable.  "Fee applicants have the burden of producing evidence that their requested fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1110–11 (9th Cir. 2014).  To determine the prevailing market rates, courts should consider "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." <u>Davis v. City & Cnty. of San Francisco</u>, 976 F.2d 1536, 1545 (9th Cir. 1992), vacated in part on other grounds on denial of reh'g, 984 F.2d 345 (9th Cir. 1993).  The relevant legal community is "the forum in which the district court sits." <u>Gonzalez v. City of Maywood</u>, 729 F.3d 1196, 1205–06 (9th Cir. 2013); <u>see also</u> <u>Prison Legal News v. Schwarzenegger</u>, 608 F.3d 446, 454 (9th Cir. 2010).

"Importantly, the fee applicant has the burden of producing 'satisfactory evidence' that the rates he requests meet these standards." <u>Gonzalez</u>, 729 F.3d at 1206. The applicant meets this burden by "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum v. Stenson</u>, 465 U.S. 886, 896 n.11 (1984); <u>see also</u> <u>Chaudhry</u>, 751 F.3d at 1110–11 ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate.")  Once the applicant carries his burden of providing satisfactory evidence, the burden then shifts to the opposing party to rebut such evidence.  <u>See</u> <u>id.</u>

The Ninth Circuit has agreed with the approach of other circuits that have held that judges are justified in relying on their own knowledge of customary rates and their experience concerning reasonable and proper fees.  <u>See</u> <u>Ingram v. Oroudjian</u>, 647 F.3d

13CV0654

925, 928 (9th Cir. 2011) (per curiam) ("We conclude that the district court did not abuse its discretion either by relying, in part, on its own knowledge and experience...")

**IV. DISCUSSION**

### A. IMPOSITION OF SANCTIONS AGAINST MR. WILKINSON IS JUSTIFIED

Mr. Wilkinson failed to appear for three depositions, all of which were duly noticed and were set with Mr. Wilkinson's input on his availability. He cancelled all three of the depositions at the last minute, and, not surprisingly, Defendant incurred costs as a result of these eleventh hour cancellations. His repeated last minute cancellations ultimately resulted in Defendant seeking judicial intervention, which also caused Defendant to incur unnecessary costs and fees. Mr. Wilkinson's evasion of his deposition required Defendant to file two motions, a Contempt Motion and the instant Motion for Sanctions. (Doc. Nos. 99, 133.)

Based on a review of Defendant's instant Motion, corresponding Declaration of Mr. Blake, and attached billing statements, as well as arguments asserted during the OSC Hearing, and other Court filings in this case, the Court finds that monetary sanctions are appropriate against Mr. Wilkinson under Rule 37(d) and the Court's inherent power. The Court finds that Mr. Wilkinson shall compensate Defendant for the reasonable attorneys' fees and costs it unnecessarily expended in attempting to enforce its multiple subpoenas against Mr. Wilkinson.

### B. REVIEW OF MR. BLAKE'S DECLARATION AND BILLING STATEMENTS

On March 25, 2015, Defendant filed a Declaration of Defense counsel, Mr. Blake, along with corresponding billing statements. Defendant seeks $13,725.00 in attorneys' fees and $2,830.90 in costs, for a total of $16,555.90 incurred in attempting to secure Mr. Wilkinson's deposition testimony and in filing its Contempt Motion and instant Motion for Sanctions. Mr. Wilkinson has failed to lodge a Response to Defendant's Motion, but the Court does not consider his non-response to be a non-opposition. The Court has reviewed Defendant's Motion, Defense counsel's

13CV0654

Declaration, and corresponding billing statements, and issues the rulings set forth below.

Given Mr. Wilkinson's central role in this litigation, the importance of his deposition testimony, and the efforts undertaken by Defense counsel to obtain his deposition, the Court finds that a significant amount of Defendant's requested fees and costs are reasonable and appropriate. The Court agrees that Mr. Wilkinson's dilatory efforts in evading his obligations pursuant to subpoena caused substantial hardship to Defendant in defending its case, and has also resulted in significant expense to Defendant above and beyond what it should have incurred had Mr. Wilkinson simply sat for his deposition in December of 2014 as he had originally agreed. However, upon a thorough review of Defendant's Motion, the Declaration of Mr. Blake, and the attached billing statements, the Court has determined that some of the fees and costs are not reasonable, and therefore has used its discretion to reduce or strike certain fees and costs.

Defendant seeks reimbursement for attorney's fees at the rate of $225.00 per hour. Mr. Blake's Declaration is silent as to the reasonableness of that rate. Defendant does not provide any documents that address rates in San Diego or the Southern District of California, and therefore has provided no helpful information to establish the prevailing market rate within the relevant community. See, e.g., Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008) (finding error where the district court neither identified the relevant community nor explained what the prevailing hourly rate in that community was "for similar services by lawyers of reasonably comparable skill, experience and reputation").

The Court finds Defendant has failed to carry its burden of providing satisfactory evidence that the requested rate is in line with the prevailing market rates for similar work by comparable attorneys in the Southern District of California. Thus, the Court must determine what constitutes reasonably hourly rates for Defense counsel in this proceeding. In making this determination, the Court considers the relevant Kerr

1  factors.  See Davis, 976 F.2d at 1546 (finding that district courts may consider the Kerr
2  factors in determining an appropriate market rate).

3      Mr. Blake was admitted to practice law in California in January of 2005.  His
4  practice with Galuppo & Blake, A Professional Law Corporation, focuses on the
5  representation of individuals and entities in mediation, arbitration, and litigation
6  involving real estate, real property, landlord/tenant, and business related disputes.
7  While the Court finds that Defendant has failed to establish that the requested hourly
8  rate is in line with the prevailing rates in the Southern District of California for work
9  of similar complexity by attorneys with comparable skill and reputation, this Court
10 relies on its own knowledge of customary rates and its experience concerning
11 reasonable and proper fees, and determines that Defense counsel's requested hourly rate
12 of $225.00 is in line with the prevailing market rates in the Southern District of
13 California for attorneys of comparable skill, level, and experience for work on matters
14 of similar complexity.  See Gonzalez, 729 F.3d at 1206; see also Ingram v. Oroudjian,
15 647 F.3d 925, 928 (9th Cir. 2011).

16     As detailed in Appendix A, the Court has reduced several of Defendant's
17 billing entries due to a finding that certain tasks were a necessary and expected result
18 of the scheduling of any deposition, certain tasks were ministerial and did not require
19 an attorney to perform, and the billing for some tasks was duplicative or excessive.
20 After accounting for these deductions, the Court finds that Defendant's billing entries
21 are reasonable for the work performed, and that Defense counsel's hourly rates are
22 likewise reasonable.  At a rate of $225.00 per hour, Defense counsel's reasonable
23 attorney's fees for this matter total **$10,096.30.**  Additionally, Defendant's reasonable
24 costs for this matter total **$2,399.70.**

25 **V. RULING**

26     After a meticulous review of the record, Defendant's instant Motion, Mr.
27 Blake's Declaration, and Defense counsel's billing statements, the Court hereby
28 GRANTS in part Defendant's Motion for Sanctions Against Jack Wilkinson and
   AWARDS Defendant the amount of **$12,496.00** in attorney's fees and costs pursuant

to Federal Rule of Civil Procedure 37, in accordance with Appendix A.  Defendant is to coordinate with Mr. Wilkinson regarding the payment of this sanction no later than **June 3, 2015**, and Mr. Wilkinson shall submit payment to Defendant no later than July **31, 2015**.

IT IS SO ORDERED.

DATED:  May 28, 2015

Hon. William V. Gallo
U.S. Magistrate Judge

13CV0654

# APPENDIX A

| No | Accounting Date | Apportioned Hours | Apportioned Amount | Description | Court Comments | Amount Allowed by Court |
|---|---|---|---|---|---|---|
| 1 | 12/15/14 | .40 | $90.00 | Telephone call with Mr. Wilkinson | **Disallowed**; Wilkinson's courtesy call to reschedule deposition should not be considered given that Defendant agreed to reschedule and avoided unnecessary and costly expenses that would have incurred had he not called | $0.00 |
| 2 | 12/16/14 | .60 (total with Entry No. 3 below) | $135.00 | Draft revised subpoena | **Reduced to $75.00**; Ministerial task that does not require an attorney to perform; Moreover, edited earlier subpoena so majority of work already done | $75.00 |
| 3 | 12/16/14 | (combined with Entry No. 2 above) | $67.50 | Prepare instructions for service | **Disallowed**; Ministerial task that does not require an attorney to perform; Moreover, edited earlier subpoena so majority of work already done | $0.00 |
| 4 | 12/16/14 | | $351.30 | Service of subpoena | **Allowed in full** | $351.30 |
| 5 | 1/09/15 | | $311.00 | Recording of non-appearance | **Allowed in full** | $311.00 |
| 6 | 1/02/15, 1/06/15 | 8.5 | $1,912.50 | Preparing for and attending deposition | **Allowed in full** | $1,912.50 |

13CV0654

## APPENDIX A

| No | Accounting Date | Appor-tioned Hours | Appor-tioned Amount | Descrip-tion | Court Comments | Amount Allowed by Court |
|----|----|----|----|----|----|----|
| 7 | 1/30/15 | .50 | $117.50 | Attempts to call Mr. Wilkinson | **Disallowed**; phone calls to re-schedule deposi-tion are not un-usual in litigation and do not justify nor warrant reim-bursement | $0.00 |
| 8 | 1/09/15, 1/13/15, 1/14/15, 1/29/15, 2/02/15, 2/03/15, 2/19/15 | 15.3 | $3,442.50 | Research, phone calls, schedul-ing, etc. | **Reduced by 50%**; While counsel were required to research the law, the motion itself was not legally, nor factually com-plex | $1,721.25 |
| 9 | 2/26/15 | | $39.95 | Court courtesy copies | **Disallowed**; cour-tesy copies are required by Local Rule and do not justify nor warrant reimbursement | $0.00 |
| 10 | 2/02/15, 2/03/15, 2/04/15 | 1.9 | $427.50 | Draft re-vised sub-poena, corre-spond with and discussed over phone with Wilkinson re: date and time of deposi-tion and service of subpoena | **Reduced to $75.00** for reasons stated in No. 2 and 3; Moreover, calls with Wilkinson to coordinate deposi-tion are necessary and integral to taking any deposi-tion | $75.00 |
| 11 | 2/26/15 | | $181.40 | Serve re-vised sub-poena on Mr. Wilkinson | **Allowed in full** | $181.40 |

16

13CV0654

# APPENDIX A

| No | Accounting Date | Appor-tioned Hours | Appor-tioned Amount | Descrip-tion | Court Comments | Amount Allowed by Court |
|---|---|---|---|---|---|---|
| 12 | 2/18/15 | 3.5 | $787.50 | Deposi-tion prep-aration | **Reduced by 50%**; counsel already received full credit for preparing for deposition (see No. 6) | $393.75 |
| 13 | 2/25/15 | | $306.00 | Prepara-tion of Certifica-tion and Exhibit of Non-Ap-pearance | **Allowed in full** | $306.00 |
| 14 | 2/18/15 | .40 | $90.00 | Corre-spond w/client and op-posing counsel regarding cancella-tion of deposition | **Reduced by 50%**; calls or emails to client or opposing counsel to simply notify that deposi-tion is cancelled is not a task that re-quires an attorney; nor is an email to Wilkinson to re-schedule | $45.00 |
| 15 | 2/19/15 | .20 | $45.00 | Attempts to call Mr. Wilkinson | **Reduced by 50%**; calls or emails to client or opposing counsel to simply notify that deposi-tion is cancelled is not a task that re-quires an attorney; nor is an email to Wilkinson to re-schedule | $22.50 |
| 16 | 2/19/15 | .20 | $45.00 | Call to the Court | **Reduced by 50%**; calls or emails to client or opposing counsel to simply notify that deposi-tion is cancelled is not a task that re-quires an attorney; nor is an email to Wilkinson to re-schedule | $22.50 |

17

13CV0654

# APPENDIX A

| No | Accounting Date | Apportioned Hours | Apportioned Amount | Description | Court Comments | Amount Allowed by Court |
|---|---|---|---|---|---|---|
| 17 | 2/23/15 | 1.1 | $267.50 | Review of Court's Order on Defendant's Motion to hold Mr. Wilkinson in Contempt, and assessment of next steps | **Reduced by 50%**; the Court's Order was two pages long, simple, and straightforward; nothing complicated about it | $133.75 |
| 18 | 2/24/15, 2/25/15 | .70 | $157.50 | Phone call to Mr. Wilkinson and drafting revised subpoena | **Reduced to $75.00** (see reasons for No. 2 and 10) | $75.00 |
| 19 | 3/02/15, 3/04/15 | 4.3 | $990.00 | Preparing for Mr. Wilkinson's potential deposition on March 5, 2015 | **Reduced by 50%**; see No. 12 for explanation | $495.00 |
| 20 | 3/05/15 | 6.20 | $1,395.00 | OSC appearance and deposition | **Allowed in full** | $1,395.00 |
| 21 | 3/05/15 | | $801.30 | Court reporter's cost from deposition that was cut short | **Allowed in full** | $801.30 |
| 22 | 3/06/15 | 6.3 | $1,505.00 | Preparing for and attending second day of deposition (March 6, 2015) | **Reduced by 25%**; counsel already prepared for deposition three times; entitled to money for time actually in deposition | $1,128.75 |

18

13CV0654

# APPENDIX A

| No | Accounting Date | Appor-tioned Hours | Appor-tioned Amount | Descrip-tion | Court Comments | Amount Allowed by Court |
|----|------|------|------|------|------|------|
| 23 | 3/06/15 | | $800.00 | Estimate of court reporter's invoice from March 6, 2015, de-position that was cut short | **Allowed in full** | $800.00 |
| 24 | | 10 | $2,250.00 | Estimate of attor-neys' fees to prepare instant Motion for Mone-tary Sanc-tions | **Allowed in full** | $2,250.00 |
| 25 | | | $39.95 | Estimate of cour-tesy cop-ies of in-stant Mo-tion for Monetary sanctions | **Disallowed**; see explanation for No. 9 | $0.00 |
| **TOTALS** | | | | | | |
| | | **61.1** | **$16,555.90** | | | **$12,496.00** |

19

13CV0654