# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPASS BANK, an Alabama banking corporation, d/b/a "BBVA COMPASS",<br><br>Plaintiff,<br><br>v.<br><br>MORRIS CERULLO WORLD EVANGELISM, a California corporation,<br><br>Defendant. | Case No. 13-cv-654 BAS (WVG)<br><br>**DEFAULT JUDGMENT ON DEFENDANT'S COUNTERCLAIMS AGAINST CHRISTOPHER HAMMATT**<br><br>**[ECF 298]** |
| AND RELATED COUNTERCLAIMS | |

This action between Plaintiff and Counterdefendant Compass Bank ("BBVA") and Defendant and Counterclaimant Morris Cerullo World Evangelism ("MCWE") commenced on March 19, 2013. ECF 1. On October 18, 2013, MCWE filed its Second Amended Counterclaim ("SACC"), naming Christopher Hammatt as third-party Defendant. ECF 31. Hammatt failed to appear or otherwise respond to MCWE's counterclaims against him. On February 26, 2014, the Clerk entered his default. ECF 46. On August 28, 2015, MCWE moved for default judgment against him. ECF 298.

The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons set forth below,

MCWE's Motion for Default Judgment is **GRANTED IN PART.**

## I. BACKGROUND

Between August 11, 2015 and August 14, 2015, this Court held a bench trial of MCWE's, BBVA's, and third-party Defendant Larry Sorenson's claims. Third-party Defendants Christopher Hammatt, Jack Wilkinson, and Arrowmark, LLC failed to respond to MCWE's SACC, did not appear at trial, and the Clerk has entered defaults against them. Because MCWE's claims against these third-party defendants stem from the same transactions as those adjudicated at trial, the Court incorporates fully all of its findings of fact and conclusions of law from its Order on the non-defaulted claims.

MCWE's SACC asserts claims of breach of contract, promissory estoppel, conversion, and two counts of fraud against Hammatt. MCWE requests a judgment of $5.2 million, plus interest at the legal rate, be entered against him.

## II. LEGAL STANDARD

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, a court may grant default judgment following an entry of default by the clerk. *See* Fed. R. Civ. P. 55; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). However, an entry of default by the clerk does not automatically entitle a plaintiff to a court-ordered judgment. *See Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). A court has discretion in granting default judgment and should consider the following factors in making its decision:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

If default is entered against some, but not all, defendants in a multi-defendant case, courts should withhold granting default judgment until the action is resolved on the merits against the non-defaulting defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *United States Small Bus. Admin. v. Rocket Ventures II, L.P.*, No. C 10-04425 JSW, 2013 WL 4835371, at *15 (N.D. Cal. Sept. 10, 2013). The Ninth Circuit has interpreted *Frow* as requiring consistent application of factual and legal conclusions to answering and defaulted defendants. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 531–33 (9th Cir. 2001).

### III. DISCUSSION

Because the Court held a bench trial and adjudicated the facts in this case, there is no dispute over material facts necessary to rule on this default judgment. Because the *Eitel* factors weigh in favor of deciding this default judgment, the Court will proceed to the sufficiency of MCWE's evidence against Hammatt.

**A. Breach of Contract**

As guarantor of the underlying loan agreement between MCWE and Arrowmark, LLC, Hammatt is liable for Arrowmark's default. However, under *Cobalt Multifamily Investors I, LLC v. Arden*, and for the reasons stated in the Court's Conclusions of Law, the Court *sua sponte* raises MCWE's unclean hands and prohibits the recovery of interest in this action. 857 F. Supp. 2d 349, 363 n. 9 (S.D.N.Y. 2011); *Rochester Capital Leasing Corp. v. K & L Litho Corp.*, 13 Cal.App.3d 697, 703 (1970). As a result, MCWE may only recover the principle of $3.5 million against Hammatt. The Court considers any "fees" or increase in the value of the jade statue over the course of the "repurchase agreement" to be disguised interest. Further, any prejudgment or postjudgment interest may not be recovered.

Even if this were not the case, MCWE's unclean hands prohibit it from recovering compensatory damages. *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1053 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 24, 2001). Under *Estrada*, MCWE may only recover restitution damages against Hammatt.

In this case, Agent Gee and MCWE's officers testified that MCWE transferred $3.5 million to Hammatt's trust account in accordance with the loan agreement. Therefore MCWE's restitution damages against Hammatt for his breach of contract are $3.5 million.

Accordingly, the Court **GRANTS IN PART** MCWE's motion for default judgment on its breach of contract claim in the amount of $3.5 million.

### B. Fraud and Promissory Estoppel Claims

In its motion, MCWE seeks default judgment on its fraud and promissory estoppel claims against Hammatt. These claims allege that MCWE took justifiable action in reliance on Hammatt's fraudulent misrepresentations. However, the Court has already determined that given the totality of the circumstances, it was unreasonable for MCWE to issue the loan. Because MCWE's own unreasonableness, not Hammatt's misrepresentations, led to MCWE's injury, the Court **DENIES IN PART** MCWE's motion to enter default judgment on the fraud and promissory estoppel claims.

### B. Conversion

MCWE also seeks $5.2 million on its conversion claim against Hammatt.

Conversion is "any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein. It is not necessary that there be a manual taking of the property; it is only necessary to show an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Igauye v. Howard*, 114 Cal.App.2d 122, 126 (1952). To maintain a conversion action, a complaining party must prove "she was entitled to immediate possession [of the converted property] at the time of conversion." *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999).

Here, Hammatt asserted dominion over $3.5 million transferred to his Union Bank account. Under California Civil Code § 3336, conversion damages are presumed to be "[t]he value of the property at the time of the conversion, with the

interest from that time[.]" Therefore Hammatt wrongfully possessed $3.5 million of MCWE's personal property, and this is the full extent of the damages. For the reasons previously stated, MCWE's unclean hands preclude recovery of interest.

Accordingly, the Court **GRANTS IN PART** MCWE's motion to enter default judgment on the conversion claim against Wilkinson.

## IV.  CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** MCWE's Motion for Default Judgment Against Christopher Hammatt. ECF 298. The Court **ORDERS** that judgment be entered in favor of Christopher Hammatt and against MCWE on MCWE's promissory estoppel and fraud claims and against Christopher Hammatt and in favor of MCWE in the amount of $3.5 million on the breach of contract and conversion claims.

**IT IS SO ORDERED.**

DATED: August 28, 2015

Hon. Cynthia Bashant
United States District Judge