UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPASS BANK, an Alabama banking corporation, d/b/a "BBVA COMPASS,"<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MORRIS CERULLO WORLD EVANGELISM, a California corporation,<br><br>　　　　　　　　　　Defendant.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 13-cv-654-BAS-WVG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |

## I.　INTRODUCTION

Plaintiff BBVA Compass Bank ("BBVA") brings this Motion for Attorney's Fees under California Commercial Code section 5111(e). (ECF No. 301.) Defendant Morris Cerullo World Evangelism ("MCWE") opposes. (ECF No. 312.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). Because this action was not premised on Article 5 of the California Commercial Code and BBVA fails to provide any other grounds for

– 1 –

the request, the Court **DENIES** BBVA's Motion.

**II.   PROCEDURAL HISTORY**

BBVA brought a declaratory relief action under 28 U.S.C. § 2201(a) against MCWE to declare that a $5.2 million standby letter of credit purportedly issued by BBVA and held by MCWE was fraudulent and unenforceable. (ECF No. 1.) MCWE answered and countersued BBVA along with third-party defendants Larry Sorenson, Christopher Hammatt, and Jack Wilkinson. (ECF No. 6.) In its operative pleading, the Second Amended Counter-Claim, MCWE asserted breach of contract and promissory estoppel claims against BBVA; breach of contract, promissory estoppel, conversion, and two counts of fraud against Arrowmark and Hammatt; promissory estoppel, conversion, and two counts of fraud against Sorenson; and one count of fraud against Wilkinson. (ECF No. 31.) Notably, none of the parties raised claims under the California or Uniform Commercial Code.

Throughout the litigation, BBVA contended that none of MCWE's claims had anything to do with the California or Uniform Commercial Code. For example, in its Response to MCWE's Motion for Summary Judgment, BBVA argued "MCWE never pled anything having to do with the California Commercial Code . . . and MCWE cannot now attempt to amend its pleadings to assert new claims and new theories." (ECF No. 144.) Similarly, in its Reply to the Opposition to its Motion for Summary Judgment, BBVA repeated "MCWE pled no claim or defense under the California Commercial Code." (ECF No. 148.)

In Motions in Limine, BBVA moved to preclude any evidence relating to any claim or defense under the California Commercial Code, opining that "[a]ny evidence relating to [these] Unpled Statutory Claims is irrelevant." (ECF No. 226–1.) BBVA explained that "MCWE failed to plead a wrongful dishonor claim or assert any defenses pursuant to the UCC" and that such "failure to plead a cause of action for wrongful dishonor of a letter of credit results in forfeiting *any* claim or defense provided by the UCC." (ECF No. 226–1) (emphasis in original.)

In MCWE's Motions in Limine, MCWE argued that the UCC's "independence principle" prohibited BBVA from introducing evidence of the underlying loan transaction leading up to issuance of the letter of credit. (ECF No. 215.) In response, BBVA argued "[t]his Court should deny MCWE's Motion solely because it failed to plead any defenses or claims pursuant to the UCC." (ECF No. 253.) BBVA added "MCWE's failure to plead a cause of action for wrongful dishonor results in forfeiting any claim or defense provided by the UCC." (ECF No. 253.)

BBVA also argued throughout that BBVA never issued any Letter of Credit to MCWE and that any purported Letter of Credit was invalid on its face. (ECF Nos. 120–1, 144, 285, 290.)

This Court agreed. It denied MCWE's Motion in Limine, finidng that the "independence principle" was inapplicable because the causes of action were not based on a claim for wrongful dishonor. And in its Findings of Fact and Conclusions of Law, the Court found that Article 5 of the UCC was inapplicable because there was no wrongful dishonor claim and there was no letter of credit actually issued by BBVA. (ECF No. 295.)

## III.   ANALYSIS

Although generally in federal court the "American Rule" is followed, such that a party in a lawsuit bears its own attorney's fees, this can be changed by express statutory authorization to the contrary. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). BBVA argues that it is entitled to attorney's fees under California Commercial Code section 5111(e).

The California Commercial Code parallels the UCC in the respects relevant here. Cal. Com. Code § 1101. Section 5111(e) provides that "reasonable attorney's fees and other expenses of litigation must be awarded to the prevailing party in an action in which a remedy is sought under this article." Cal. Com. Code § 5111(e). Article 5 of the California Commercial Code concerns letters of credit, and section

5111, in particular, concerns the wrongful dishonoring of letters of credit. Cal. Com. Code § 5111(a). Section 1201(b)(1) defines the term "action" used in section 5111(e) "in the sense of a judicial proceeding, includ[ing] recoupment, counterclaims, setoff, suits in equity, and any other proceeds in which rights are determined." Cal. Com. Code. § 1201(b)(1).

BBVA argues that it brought this action for declaratory relief pursuant to section 5109 of the California Commercial Code, and that MCWE's counterclaim for breach of contract was the equivalent of a wrongful dishonor claim (ECF No. 301.) This argument is ironic given BBVA's vociferous arguments throughout the case that this was not a case brought under the California Commercial Code, and that MCWE could not bootstrap in a wrongful dishonor claim. (ECF Nos. 144, 148, 226–1, 215, 253.) This Court agreed with BBVA and found that Article 5 of the California or Uniform Commercial Code was not applicable to this action. (ECF No. 295.) Accordingly, the attorney's fees provision in the California Commercial Code is also not applicable.

The cases cited by BBVA are inapposite. In both, the Plaintiffs filed claims for wrongful dishonor under the UCC. *See Export-Import Bank of the U.S. v. United California Disc. Corp.*, No. CV 09–2930 CAS (PLAx), 2011 WL 165312 (C.D. Cal. Jan 12, 2011); *2002 Irrevocable Trust ex rel. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd*, No. 2:08–cv–556–FtM–36DNF, 2011 WL 4112776 (M.D. Fl. Sept. 15, 2011). Here, however, as BBVA rightfully pointed out throughout this case, MCWE failed to bring any claims for wrongful dishonor or, in fact, any causes of action under either the California or Uniform Commercial Code. This Court will not allow BBVA to *now* claim that the case was actually premised on wrongful dishonor claims and thus that the attorney's fees provision of 5111(e) applies.

## IV.   CONCLUSION

For the foregoing reasons, BBVA's Motion for Attorney's Fees is **DENIED**. (ECF No. 301.)

1
2      **IT IS SO ORDERED.**
3
4   **DATED: October 20, 2015**
5

Hon. Cynthia Bashant
United States District Judge

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28