UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COMPASS BANK,

               Plaintiff,

v.

MORRIS CERULLO WORLD EVANGELISM,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Civil No. 13-CV-0654-BAS (WVG)

**ORDER CERTIFYING FACTS RELATED TO DEFENDANT'S MOTION FOR CONTEMPT AGAINST JACK WILKINSON**

     Pending before the Court is Defendant Morris Cerullo World Evangelism's ("Defendant") Motion for Contempt Against Jack Wilkinson ("Mr. Wilkinson"), a defaulted party to this litigation. (Doc. No. 271.) On May 28, 2015, this Court issued an Order Granting Defendant's Motion for Sanctions Against Mr. Wilkinson. (Doc. No. 178.) Mr. Wilkinson was ordered to pay Defendant the total amount of $12,496.00 in attorneys' fees and costs pursuant to Federal Rule of Civil Procedure ("Rule") 37 by July 31, 2015. Id. at 13-14. Defendant claims that, to date, Mr. Wilkinson has failed to remit sanctions pursuant to this Court's Order. (Doc. No. 271 at 2.) Defendant asks this Court to recommend to the Honorable Cynthia Bashant, United States District Judge, that Mr. Wilkinson be held in

13CV0654

contempt of court, a finding which Mr. Wilkinson may vacate by paying the full amount of sanctions, plus interest, to Defendant.[1/]  (Doc. No. 320 at 2.)

Defendant also asks this Court to recommend to Judge Bashant that, as of October 20, 2015, the amount of fees and costs Defendant has incurred due to Mr. Wilkinson's violations of the Court's orders is $19,015, that the Court should levy a $2,000 fine against Mr. Wilkinson as part of the contempt finding and in order to deter further defiance of this Court's orders, and that the Court should enter judgment in favor of Defendant and against Mr. Wilkinson in the amount of $21,015 ($19,015 in fees and costs, plus $2,000 fine), plus interest, with the caveat that Defendant may apply to amend the judgment to include additional attorney fees and costs if any are incurred during attempts to enforce the judgment.  Id. at 2-3.

# I. APPLICABLE LAW

## A. CIVIL CONTEMPT

Civil contempt may be found where a party disobeys a specific and definite court order.  In re Dual-Deck Video Casette Recorder Antitrust Lit., 10 F.3d 693, 695 (9th Cir. 1993).  The moving party has the burden of showing by clear and convincing evidence that the alleged contemnor violated a court order.  In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002), Stone v. City of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).  The burden then shifts to the alleged contemnor to demonstrate why s/he was unable to comply.  Reno Air Racing Assn. v. Mccord, 452 F.3d 1126, 1130 (9th Cir. 2006).  In the Ninth Circuit, the rule with regard to contempt is whether the alleged contemnor performed "all reasonable steps within his/her power to ensure compliance" with the court's orders.  Stone, 968 F.2d at 856. Intent is irrelevant to a finding of civil contempt, and therefore, good faith is not a defense. Id.  Inability to comply with the court order is a complete defense to civil contempt.  F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999).

---

[1/] Within 30 days of Mr. Wilkinson paying the full amount of sanctions, Defendant states that it shall provide notice to the Court that he has satisfied his obligations, and the Court would then vacate the contempt finding.  (Doc. No. 320 at 2.)

13CV0654

In civil contempt proceedings, in the proper situation, judicial sanctions may be employed to "coerce the (alleged contemnor) into compliance with the court's order," and/or "compensate the complainant for losses sustained." UMW v. Lewis, 330 U.S. 258 (1947). Where compensation is intended, any fine imposed must be based on the evidence of the complainant's actual loss. Id. at 304.  Where the purpose is to make the alleged contemnor comply with the court order, the court must exercise its discretion, taking into account the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the desired result. Id.  In fixing the amount of a fine to be imposed as a punishment or as a means of securing future compliance, a court should consider the amount of the alleged contemnor's financial resources and consequent seriousness of the burden to the alleged contemnor. Id.

## B. AUTHORITY TO CERTIFY FACTS TO THE DISTRICT JUDGE

Magistrate Judges do not have authority to make findings of contempt, so they must refer contempt charges with a certification of their factual findings to the District Judge. 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-657 (9th Cir. 1996).  The jurisdiction, powers, and temporary assignments of United States Magistrate Judges are addressed in 28 U.S.C. § 636, in pertinent part.

> (6) Certification of other contempts to the district court.--Upon the commission of any such act–
> ...
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where--
> ...
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e).

13CV0654

## II. <u>FACTUAL BACKGROUND</u>

### A. <u>DEPOSITION ATTEMPTS</u>

Defendant, believing that Mr. Wilkinson had information that was vital to this case, sought to obtain that information through a deposition.  Defense counsel attempted to contact Mr. Wilkinson to obtain deposition dates, times, and locations. (Doc. No. 133-1 at 3.)  Despite Defendant noticing his deposition on three separate occasions, Mr. Wilkinson failed to appear for his deposition.  <u>Id.</u> at 8.

### 1. <u>FIRST FAILED DEPOSITION</u>

On October 15, 2014, Mr. Wilkinson sent an email to Defense counsel advising that he could make himself available for a deposition and provided his contact information. (Doc. No. 133-1 at 3.) On November 14, 2014, Mr. Wilkinson emailed Defense counsel and agreed to appear for a deposition and produce documents on December 16, 2014.  <u>Id.</u>  Mr. Wilkinson was served with a deposition subpoena on November 19, 2014.  <u>Id.</u>  On the afternoon of December 15, 2014, less than 24 hours before his scheduled deposition, Mr. Wilkinson telephoned Defense counsel and asked to reschedule due to child care conflicts. <u>Id.</u>  Defense counsel agreed to continue the deposition to January 6, 2015 at 10:00 a.m., per Mr. Wilkinson's suggestion.  <u>Id.</u>

### 2. <u>SECOND FAILED DEPOSITION</u>

In an attempt to accommodate Mr. Wilkinson and avoid embarrassment, Defense counsel attempted to coordinate a date, time, and location for service. (Doc. No. 1331-1 at 3.)  On December 16, 2014, Mr. Wilkinson responded that he could accept service of Defendant's deposition subpoena on December 17, 2014 at 6:00 p.m. at a Starbucks located in Menifee, California.  <u>Id.</u>  Mr. Wilkinson was personally served with the subpoena noticing his January 6, 2015 deposition.  <u>Id.</u>  On January 5, 2015, again less than 24 hours before his scheduled deposition, Defense counsel was informed by Mr. Wilkinson via e-mail that he would be unable to attend the deposition due to a "medical issue that has worsened over the last 5 days." <u>Id.</u>  Mr. Wilkinson offered to reschedule, but did not provide a date or time to reschedule the deposition.  <u>Id.</u> at 3-4.  On January 6, 2015, Defense counsel

13CV0654

appeared at the deposition as scheduled and, when Mr. Wilkinson failed to appear, recorded his non-appearance. Id. at 4.

### 3. THIRD FAILED DEPOSITION

Between January 6, 2015 and January 21, 2015, Defense counsel made several attempts to obtain a new date for Mr. Wilkinson's deposition. (Doc. No. 133-1 at 4.) On January 26, 2015, Mr. Wilkinson emailed Defense counsel suggesting a February 21, 2015 deposition date. Id. Defense counsel advised Mr. Wilkinson that the discovery cutoff deadline in the case was February 20, 2015 and, thus, February 21, 2015 would not work. Id. Instead, Defense counsel proposed February 3, 2015, but Mr. Wilkinson did not respond. Id.

On January 29, 2015, Defense counsel advised Mr. Wilkinson that Defendant intended to bring a Contempt Motion against him due to his continued failure to respond and sit for his deposition. (Doc. No. 133-1 at 4.) On January 30, 2015, Defense counsel received a response from Mr. Wilkinson advising of his availability to sit for a deposition on February 18, 2015. Id. On February 3, 2015, Defense counsel received an email from Mr. Wilkinson advising that he was able to "excuse himself from work on Thursday the 19th" of February and that a "start time of 9 a.m. or 10 a.m. would be fined [sic], providing we can still make the Temecula location work." Id. Mr. Wilkinson provided Defense counsel with a location at which to personally serve him with the subpoena. Id. On February 4, 2015, Mr. Wilkinson was personally served with a notice for a deposition on February 19, 2015. Id.

On February 18, 2015, at approximately 5:30 p.m., after normal business hours and on the eve of his deposition scheduled at 10 a.m. the next day, Mr. Wilkinson called Defense counsel to advise that he would be unable to attend the deposition due to a medical condition. (Doc. No. 133-1 at 5.) On February 19, 2015, Defense counsel was forced to again record Mr. Wilkinson's non-appearance. Id.

//

13CV0654

## B. DEFENDANT'S FIRST CONTEMPT MOTION/REQUEST FOR AN ORDER TO SHOW CAUSE

As a result of Mr. Wilkinson's continued evasion of his obligations pursuant to subpoenas to appear for his deposition, Defendant filed a Contempt Motion on February 19, 2015.[2/]  (Doc. No. 99.)  The Court issued an Order to Show Cause ("OSC") as to why Mr. Wilkinson should not be held in contempt for his failure to attend his deposition.  (Doc. No. 100.)

On March 5, 2015, this Court held an OSC Hearing.  Mr. Wilkinson appeared in the undersigned's courtroom for the hearing.  (Doc. No. 108 at 2.)  Also appearing at the hearing were Mr. Steven Blake, Mr. Andrew Hall, and Mr. Louis Galuppo on behalf of Defendant, Defense representative, Mr. Lynn Hodge, and Mr. Patrick Kane on behalf of Plaintiff.  Id.  During the OSC Hearing, the Court told Mr. Wilkinson that he was a key witness, and that fact discovery had already concluded in this case.  Id.  Mr. Wilkinson was ordered to remain in the courthouse and sit for his deposition (in the jury deliberation room) for as long as allowed by the Rules.  Id.  The Court warned Mr. Wilkinson that a violation of its Order to immediately sit for his deposition would result in very serious sanctions.  Id.  Mr. Wilkinson complied.

On March 5, 2015, after one and a half to two hours of deposition testimony, the parties informed the Court that Mr. Wilkinson was ill and they were going to conclude his deposition for the day.  (Doc. No. 108 at 2, n.2.)  At approximately 1:00 p.m., the Court went back on the record and ordered Mr. Wilkinson to appear at Defense counsel's office to continue his deposition on March 6, 2015, at 9:00 a.m.  Mr. Wilkinson was once again warned by the Court that failure to appear for his continued deposition could result in swift and harsh sanctions.  Id.

---

[2/] Defendant titled its Motion, "Motion for an Order to Show Cause Why Jack Wilkinson Should Not Be Held In Contempt."  (Doc. No. 99.)  However, in its Conclusion section of the Motion, Defendant requested that the Court hold Mr. Wilkinson in contempt, or, in the alternative, issue an Order to Show Cause why he should not be held in contempt.  Id. at 9.  The Court granted Defendant's Motion for an Order to Show Cause, but to the extent Defendant also sought a contempt order at that time, the Court denied Defendant's request.  (Doc. No. 100.)

13CV0654

NONE

1    On March 6, 2015, Mr. Wilkinson appeared for his continued deposition, but the

2  parties were only able to obtain testimony for a short period of time before Mr. Wilkinson

3  again indicated that he was too ill to proceed.  (Doc. No. 133-1 at 6.)  The parties contacted

4  the Court to advise of the situation and the Court ordered Mr. Wilkinson to return to

5  Defense counsel's office to complete his deposition on March 10, 2015.  Id.  The Court

6  warned Mr. Wilkinson that failure to appear most likely would result in sanctions or a civil

7  contempt order.  Id.

8    On March 10, 2015, Mr. Wilkinson appeared at defense counsel's office and sat for

9  his deposition, which concluded that day.  (Doc. No. 133-1 at 6.)

10    **C. DEFENDANT'S MOTION FOR MONETARY SANCTIONS**

11    During the OSC Hearing, the Court inquired as to whether either party would seek

12  monetary sanctions against Mr. Wilkinson for costs related to his failure to appear at the

13  noticed depositions.  (Doc. No. 108 at 2.)  On March 6, 2015, both parties notified the Court

14  that they intended to seek monetary sanctions against Mr. Wilkinson.  (Doc. No. 178 at 3.)

15  The Court ordered Plaintiff and Defendant to each file a motion seeking monetary sanctions

16  against Mr. Wilkinson by March 25, 2015.  (Doc. No. 108 at 3.)  The Court instructed that

17  the Motions were to include Declarations by counsel, as well as detailed time calculations

18  and descriptions of activities in attempting to obtain Mr. Wilkinson's deposition.  Id.  The

19  Court ordered that, if the parties sought monetary sanctions related to travel, lodging, or

20  court reporters, they were to provide proof of all costs incurred.  Id.

21    The Court also ordered both Plaintiff and Defendant to ensure that Mr. Wilkinson

22  received the Court's Order, and to confirm with the Court that he had received the Order.

23  (Doc. No. 108 at 3.)  Mr. Wilkinson was ordered to lodge a Response to both Plaintiff's and

24  Defendant's motions seeking monetary sanctions by April 8, 2015.  Id.  On March 25, 2015,

25  counsel for both parties confirmed with the Court that they had each provided Mr.

26  Wilkinson with a copy of the Court's Order.  (Doc. No. 178 at 3.)  Defense counsel informed

27  the Court that Mr. Wilkinson had acknowledged receipt of the Order.  Id.

28

13CV0654

On March 25, 2015, Defendant filed a Motion for Sanctions Against Jack Wilkinson for costs related to his failure to appear at the noticed depositions.[3] (Doc. No. 133.) Defendant claimed that it unsuccessfully expended both time and resources over several months in an attempt to obtain deposition testimony from Mr. Wilkinson. (Doc. No. 133-1 at 1.) In its Motion, Defendant requested monetary sanctions in the amount of $16,555.90 to be issued against Mr. Wilkinson. Id. at 10. Mr. Wilkinson did not file any response.

On May 28, 2015, after a meticulous review of the record, Defendant's Motion, Defense counsel's Declaration, and Defense counsel's billing statements, the Court granted in part Defendant's Motion for Sanctions Against Mr. Wilkinson, and awarded Defendant the amount of $12,496.00 in attorney's fees and costs pursuant to Rule 37. (Doc. No. 178.) Defendant was ordered to coordinate with Mr. Wilkinson regarding the payment of this sanction by June 3, 2015, and Mr. Wilkinson was ordered to submit payment to Defendant no later than July 31, 2015. Id. at 14.

## III. DEFENDANT'S INSTANT MOTION FOR CONTEMPT

On August 7, 2015, Defendant filed a Motion for Contempt Against Mr. Wilkinson. (Doc. No. 271.) In its Motion, Defendant states that Mr. Wilkinson failed to comply with this Court's Order to pay Defendant $12,496.00 in sanctions by July 31, 2015. (Doc. No. 271-1 at 2.) Defendant seeks a contempt order against Mr. Wilkinson given his documented history of abuses and disregard for the judicial process, and because he has failed to provide any indication that he intends to comply with this Court's Order imposing sanctions. Id.

### A. FIRST CONTEMPT HEARING

On August 7, 2015, the Court issued an Order Setting Briefing Schedule and Hearing Date for Defendant's Motion for Contempt Against Mr. Wilkinson. (Doc. No. 276.) Mr. Wilkinson was ordered to lodge with the Court a response to Defendant's Contempt Motion by August 28, 2015, and a Contempt Hearing was set for September 16, 2015, at 2:00 p.m. Id. at 2-3. Mr. Wilkinson was ordered to appear in the undersigned's courtroom for the

---

[3] Plaintiff did not file a sanctions motion against Mr. Wilkinson.

13CV0654

Hearing. Id. at 3. Counsel was ordered to immediately provide a copy of the Court's Order to Mr. Wilkinson.[4] Id. On August 7, 2015, Defense counsel, Mr. Steven Blake, sent Mr. Wilkinson an email and attached the Court's Order and provided a copy of his correspondence to the Court. Despite the Court's Order, Mr. Wilkinson failed to lodge a response to Defendant's Contempt Motion, however he did reply to Defense counsel via the same email correspondence chain on the eve of the September 16, 2015 hearing. A copy of this correspondence was provided to the Court by Defense counsel.

On September 16, 2015, at 2:00 p.m., the Court attempted to conduct a Hearing on Defendant's Motion for Contempt. Mr. Daniel Watts appeared on behalf of Defendant. Despite being ordered to attend, Mr. Wilkinson failed to appear at the Hearing. The Court waited until 2:15 p.m., and when Mr. Wilkinson still had not appeared, the Court went on the record with Defense counsel present in the courtroom.

Defense counsel represented to the Court that he had spoken with Mr. Wilkinson on the telephone on the afternoon of September 15, 2015, at around 4:30 p.m. Defense counsel represented that during their conversation, Mr. Wilkinson confirmed receipt of the Court's Order setting the Contempt Hearing for September 16, 2015, at 2:00 p.m., and that Mr. Wilkinson asked if he still had to appear before the undersigned at the Hearing. Defense counsel told Mr. Wilkinson that he was ordered to appear at the Hearing.

**B. SECOND CONTEMPT HEARING**

On September 17, 2015, the Court issued an Order Setting Second Briefing Schedule and Hearing Date for Defendant's Motion for Contempt Against Mr. Wilkinson. (Doc. No. 308.) Mr. Wilkinson was ordered to lodge with the Court a response to Defendant's Contempt Motion by September 30, 2015, and a Contempt Hearing was set for October 14, 2015, at 8:00 a.m. Id. at 4. Mr. Wilkinson was ordered to appear in the undersigned's courtroom for the Hearing. Id. Defense counsel was ordered to immediately provide a copy

---

[4] Although Defendant filed the Motion for Contempt, the Court's Order mistakenly instructed that "Plaintiff shall ensure" that Mr. Wilkinson received the Order. (Doc. No. 276 at 3.) The Court confirmed with Defense counsel, Mr. Steven Blake, that on August 7, 2015, he sent Mr. Wilkinson an email with a copy of the Court's Order.

13CV0654

of the Court's Order to Mr. Wilkinson, and to confirm with the Court that Mr. Wilkinson had received the Order. Id. at 4-5. The Court, as stated in the its Order, also emailed a copy of the Order to Mr. Wilkinson to the address at which Defense counsel had actively corresponded with Mr. Wilkinson during the litigation.

On September 25, 2015, Defense counsel informed the Court that Mr. Wilkinson had received the Court's September 17, 2015 Order setting the second contempt hearing. Defense counsel attached an email from September 18, 2015, where Mr. Wilkinson confirmed receipt of the Court's Order. Despite the Court's Order, Mr. Wilkinson again failed to lodge a response to Defendant's Contempt Motion.

On October 14, 2015, at 8:00 a.m., the Court attempted to conduct a second Hearing on Defendant's Motion for Contempt. Mr. Daniel Watts appeared on behalf of Defendant. Despite being ordered to attend, Mr. Wilkinson failed to appear at the Hearing.       On the morning of the second Contempt Hearing, the Court received a phone call from Mr. Wilkinson at 7:47 a.m., stating that he was in traffic and would arrive late to the Hearing. Mr. Wilkinson confirmed that he was on his way to the courthouse for the Hearing. At 8:30 a.m., thirty minutes after the hearing was scheduled to begin, the Court's law clerk called Mr. Wilkinson, who stated that he was approximately 18 minutes away from the courthouse at that time. At 8:58 a.m., the Court received another call from Mr. Wilkinson, stating that he was driving into the downtown area, just a few blocks from the courthouse. The Court waited nearly another 30 minutes, until 9:25 a.m., and when Mr. Wilkinson still had not appeared, the Court went on the record with Defense counsel present in the courtroom. At 9:30 a.m., an hour and a half after the Hearing was set to begin, the Court concluded the Hearing. Mr. Wilkinson still had not appeared. At approximately 10:00 a.m., Mr. Wilkinson called the Court and asked if he could enter the courtroom. It is unclear where Mr. Wilkinson was located at the time of his phone call. The Court's clerk told Mr. Wilkinson that the second Contempt Hearing was scheduled to begin two hours earlier, the hearing had concluded, Defense counsel had left the courthouse, and therefore, Mr. Wilkinson would not be permitted to enter the courtroom.

13CV0654

**IV. SUPPLEMENTAL BRIEFING**

**A. DEFENDANT'S REQUEST FOR ADDITIONAL ATTORNEYS' FEES**

On October 21, 2015, as allowed by the Court, Defendant filed Supplemental Briefing Regarding Wilkinson Contempt Recommendation. (Doc. No. 320.)[5] Defendant's brief is essentially a motion for additional monetary sanctions against Mr. Wilkinson. Defendant now seeks an additional $6,519.00 in monetary sanctions for its continued efforts to collect sanctions previously awarded by the Court, and requests that the Court levy a $2,000.00 fine against Mr. Wilkinson as part of a contempt finding and in order to deter further defiance of this Court's orders. Id. at 2.

Mr. Wilkinson did not file a Response to Defendant's Supplemental Briefing.

**V. RECOMMENDATION**

**A. DEFENDANT'S MOTION FOR CONTEMPT**

This Court finds that Mr. Wilkinson has disobeyed a specific and definite court order, and that Defendant has met its burden of showing by clear and convincing evidence that Mr. Wilkinson has violated the Court's order to remit $12,496.00.  In re Dual-Deck Video Casette Recorder Antitrust Lit., 10 F.3d at 695; In re Bennett, 298 F.3d at 1069; Stone, 968 F.2d at 856. Mr. Wilkinson has failed to meet his burden to demonstrate why he was unable to comply. Reno Air Racing Assn., 452 F.3d at 1130. Defendant has provided information that Mr. Wilkinson is employed.  (Doc. No. 133-2.) While income only tells part of an individual's financial health, without more and certainly without any input from Mr. Wilkinson, the Court cannot conclude that Mr. Wilkinson was not able to comply with the Court's order.  Mr. Wilkinson has failed to pay Defendant $12,496.00 in sanctions in violation of this Court's Order Granting Defendant's Monetary Sanctions Against Mr. Wilkinson (Doc. No. 178), and he has failed to provide the Court with any response as to why he has failed to comply.  Mr. Wilkinson was given two opportunities to respond, in

---

[5] The Court's Order (Doc. No. 318) allowing supplemental briefing was mailed to Mr. Wilkinson at the address he provided to the Court.  It was returned undeliverable for reasons that there is "no such number" and "unable to forward."

writing, to Defendant's Contempt Motion, and two opportunities to appear before the Court at contempt hearings. Mr. Wilkinson also was provided the opportunity to respond to Defendant's supplemental briefing.

For these reasons, and based on all of the facts certified within this Order, the Court recommends that the District Judge issue an Order requiring Mr. Wilkinson to appear in her courtroom to show cause why he should not be adjudged in contempt by reason of the facts certified by this Court. 28 U.S.C. § 636(e)(6)(B)(iii). Mr. Wilkinson was given many opportunities to avoid being sanctioned in the first place by simply appearing for his scheduled depositions. He compounded his problems by avoiding every opportunity given by the Court to explain why he did not pay the monetary sanction once imposed. Accordingly, this Court recommends that, based on the facts certified in this Order, the District Judge find Mr. Wilkinson in contempt for his failure to pay $12,496.00 in monetary sanctions to Defendant, in direct violation of this Court's Order (Doc. No. 178). This Court also recommends that the District Judge order that Mr. Wilkinson has the ability to vacate the contempt finding against him by paying the full amount of sanctions, $12,496.00, plus interest, to Defendant.

## B. DEFENDANT'S SUPPLEMENTAL BRIEFING

The Court finds numerous issues with Defendant's request for additional monetary sanctions, including Defendant's failure to address the reasonableness of the requested attorneys' fees, block billing with redactions, discrepancies in the billing rate for Mr. Watts, and attempts to collect money from Mr. Wilkinson for tasks related to Defendant's motion for sanctions against Plaintiff, which has nothing to do with Mr. Wilkinson. However, the Court need not analyze those issues, as it finds Defendant's request for additional monetary sanctions to be unreasonable and unnecessary. Moreover, it appears that Defendant is simply attempting to cut its losses by any means possible at the expense of Mr. Wilkinson. While it is true that Defense counsel made two unnecessary trips to the Courthouse and may have spent time researching and drafting memoranda, the Court questions the wisdom and reasonableness of "throwing good money after bad." Clearly, like an ostrich who buries his

13CV0654

1  head in the sand, Mr. Wilkinson has demonstrated his intent to avoid and evade the entire
2  litigation process.  Given that the Court already expressed its intent to recommend that Mr.
3  Wilkinson be held in contempt, there was nothing more to be gained by Defendant with
4  additional research and writing.  Defendant's decision to file supplemental briefing,
5  although permitted, was not necessary.  Nothing new was learned by the Court in the
6  supplemental briefing except that Defense counsel expended more time and effort to pursue
7  Mr. Wikinson's contempt.

8      In fixing the amount of a fine to be imposed as a punishment or as a means of
9  securing future compliance, a court should consider the amount of the alleged contemnor's
10  financial resources and consequent seriousness of the burden to the alleged contemnor.
11  UMW, 330 U.S. at 304.  While Mr. Wilkinson has not provided the Court with any briefing,
12  nor has he appeared at either of the two contempt hearings to respond to Defendant's
13  contempt motion, Defense counsel represented to the Court during the first contempt
14  hearing that Mr. Wilkinson had inquired about entering into a payment plan with Defendant
15  to remit the sanctions.  Further, the Court has not been presented with any evidence to show
16  that adding an additional $2,000 fine against Mr. Wilkinson will compel his compliance
17  with the sanctions Order, nor deter him from continued non-compliance with this Court's
18  Orders.

19      Defendant's request that this Court recommend that the District Judge impose an
20  additional $6,519.00 in monetary sanctions for Defendant's continued efforts to collect from
21  the Court's prior Order, and recommend that the Court levy a $2,000.00 fine against Mr.
22  Wilkinson as part of a contempt finding and in order to deter further defiance of this Court's
23  orders, is DENIED.  IT IS SO ORDERED.

24  DATED:  November 13, 2015

25
26
27                          _____
                                Hon. William V. Gallo
28                              U.S. Magistrate Judge

13

13CV0654