UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPASS BANK, an Alabama banking corporation, d/b/a "BBVA COMPASS,"<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MORRIS CERULLO WORLD EVANGELISM, a California corporation,<br><br>　　　　　　　　　　　Defendant.<br><br>AND RELATED CROSS-ACTIONS | Case No. 13-cv-654-BAS-WVG<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO RETAX COSTS [ECF NO. 313]; AND**<br><br>**(2) GRANTING IN PART PLAINTIFF'S MOTION TO RETAX COSTS [ECF NO. 314]** |

I.     **INTRODUCTION**

After trial, Plaintiff and Counter-Defendant Compass Bank filed a Bill of Costs seeking recovery of costs as the prevailing party in the amount of $32,161.41. (ECF No. 300). Morris Cerullo World Evangelical ("MCWE") filed an objection to the Bill of Costs (ECF No. 309), and the Clerk taxed costs in the amount of $12,847.99. (ECF No. 311). Both parties now move to retax costs. MCWE argues that no costs should have been taxed as Compass Bank was not the prevailing party and had unclean hands

1 because of discovery abuses (ECF No. 313). Compass Bank seeks an additional amount of $3324.30 for witness fees and deposition transcripts. (ECF No. 314). As discussed below, the Court finds Compass Bank is entitled to costs as the prevailing party, and is entitled to an additional amount of $3166.01. Therefore, the Court **GRANTS IN PART** Compass Bank's Motion to retax costs (ECF No. 314) and **DENIES** MCWE's Motion to retax costs (ECF No. 313).

## II.   STATEMENT OF FACTS

Compass Bank brought this declaratory relief action under 28 U.S.C. § 2201(a) against MCWE to declare that a $5.2 million standby letter of credit purportedly issued by Compass Bank and held by MCWE was fraudulent and unenforceable. (ECF No. 1). MCWE answered and countersued Compass Bank along with third-party defendants Larry Sorenson, Christopher Hammatt, and Jack Wilkinson. (ECF No. 6). MCWE proceeded to trial against Compass Bank on causes of action for breach of contract and promissory estoppel. (ECF No. 31).

Following a Bench Trial, this Court found in favor of Compass Bank on its declaratory relief action, and in favor of Compass Bank and against MCWE on its counter-claims for breach of contract and promissory estoppel.

During the course of the litigation, the Court sanctioned Compass Bank for discovery violations. (ECF 166, 292).

## III.   ANALYSIS

Out of the original $32,161.41 requested by Compass Bank, the Clerk of the Court taxed costs in the amount of $12,847.99. (ECF No. 300, 311). MCWE filed objections indicating it did not object to the amount of the costs taxed by the Clerk, but to the fact that costs were awarded at all. (ECF No. 313). Compass Bank's Motion to retax only objected to $3,324.30 not awarded. (ECF No. 314). Following this Court's local rules, the Court will only consider the rulings of the Clerk to which the parties have objected. *See* Civ. L.R. 54.1(h)(2) ("A motion to retax must particularly specify the ruling of the clerk excepted to and no others will be considered at the

hearing.").

## A. MCWE's Objections

First, MCWE objects to the characterization of Compass Bank as the prevailing party. Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party…" To be considered the prevailing party, a party must receive some affirmative relief. *See Tunison v. Continental Airlines Corp., Inc.,* 162 F.3d 1187, 1190 (D.C. Cir. 1998). As articulated by the U.S. Supreme Court, a plaintiff "prevails" "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby,* 506, U.S. 103, 111–12 (1992). "[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree or settlement against the defendant. In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Fischer v. SJB-P.D. Inc.,* 214 F.3d 1115, 1118 (9th Cir. 2000) (internal citation omitted). A party can be the "prevailing party" based solely on injunctive relief; monetary relief is not required. *Id.*

In this case, Compass Bank filed a complaint for declaratory relief seeking a court judgment that a $5.2 million standby letter of credit purportedly issued by Compass Bank and held by MCWE was fraudulent and unenforceable. (ECF No. 1). Compass Bank was successful in this declaratory relief action. MCWE countersued Compass Bank and proceeded to trial against Compass Bank on causes of action for breach of contract and promissory estoppel. (ECF No. 6, 31). Compass Bank was successful in these counter-claims as well. The Court granted Compass Bank's request for declaratory relief and entered judgment for Compass Bank and against MCWE on its counter-claims for breach of contract and promissory estoppel. (ECF No. 295). The resulting judgment altered the legal relationship between Compass Bank and MCWE because Compass Bank became entitled to enforce its requested

declaratory judgment against MCWE and because MCWE's attempts to force Compass Bank to pay $5.2 million on the letter of credit were unsuccessful. Under Rule 54(d)(1), Compass Bank is entitled to recover costs as the "prevailing party." The fact that MCWE may have prevailed against other defendants, even a defendant who was an ex-Compass Bank employee, is irrelevant to the issue of who prevailed in the action between Compass Bank and MCWE. Between these two parties, Compass Bank was the prevailing party.

Next MCWE asks the Court, in its discretion, to decline to award costs in light of Compass Bank's dilatory tactics during discovery. During the course of this litigation, Magistrate Judge Gallo, in an order affirmed by this Court, granted MCWE's motion for evidentiary and monetary sanctions finding Compass Bank had "wilfully engaged in the spoilation of relevant evidence" and "demonstrated a pattern of recalcitrant behavior during discovery in this litigation." (ECF No. 166). The court granted an evidentiary adverse inference against Compass Bank and awarded monetary damages to MCWE. (ECF No. 166). MCWE now argues that this conduct warrants additional sanctions in the nature of denying costs to Compass Bank. The Court disagrees.

First, the Court finds the sanction originally ordered was sufficient. Second, to the extent MCWE is arguing that there were additional discovery violations in that: (1) Compass Bank suppressed evidence of an internal investigation into the Century letter of credit and (2) analyzed recordings in preparation for trial that it failed to turn over to MCWE, as discussed in the Order denying Sanctions filed simultaneously with this Order, this Court finds there is no evidence to support these additional allegations of discovery abuse.

Finally, to the extent MCWE argues that attempting to subpoena and/or depose Morris Cerullo and Louis Galuppo was done in bad faith, the Court again disagrees. Both were key witnesses in the case. MCWE reserved the right to rely on an advice of counsel defense and Morris Cerullo was a witness to the key meetings in the case.

Therefore, deposing and/or subpoenaing each as a witness was not done in bad faith.

### B. Compass Bank's Objections

Compass Bank requests that the following additional amounts be taxed: (1) $2548.16 for the costs of deposition transcripts for Frank Hicks, Burton McCullough, Paul Honeycutt, Brenton Gee, Bonnie Karow and Andy Castro; (2) $413.70 for standard service of process fees for deposition subpoenas served on Andy Castro, Christopher Hammatt, Jack Wilkinson, Union Bank, Lisa Mora and Louis Galuppo; (3) $160.05 for mileage reflected in witness fees offered and taken pursuant to deposition subpoenas by Andy Castro, Christopher Hammatt, Jack Wilkinson, and Lisa Mora; and (4) $202.39 for mileage fees offered and taken by witnesses served with trial subpoenas including Louis Galuppo, Jack Wilkinson, Morris Cerullo and Roger Artz, for a total of $3,324.30. The Court will address each of these requests in turn.

#### 1. Deposition Transcripts

The cost of an original and one copy of any deposition is recoverable as costs even if the deposition is not introduced in evidence or used at trial "so long as at the time it was taken it could reasonably be expected that the deposition would be used for trial preparation, rather than mere discovery." Civ. L.R. 54.1(b)(3). Compass Bank seeks recovery for the deposition transcripts of Frank Hicks, Burton McCullough, Paul Honeycutt, Brenton Gee, Bonnie Karow and Andy Castro. The Clerk denied these costs pursuant to Local Rule 54.1(b)(3)(b) which provides "[i]f both video and stenographic depositions are taken, they both will be allowed as costs only if the video deposition is used at trial. The cost of electronic versions is recoverable." However, Compass Bank's Motion to Retax costs clarifies that these depositions were not videotaped and the amount sought is strictly for an electronic version of the transcripts. Therefore, to the extent the clerk denied the costs of the deposition transcripts for these witnesses believing they were the costs of video recordings, in light of Compass Bank's clarification, the Court finds these costs

should now be included.

In addition, at the time the original cost bill was submitted, Compass Bank failed to provide a breakdown of what was included in the costs submitted for the deposition of Andy Castro. Compass Bank now submits an invoice decreasing the original amount requested, and asking for reimbursement of only $859.71 for the deposition transcript of Castro. The invoice submitted supports this request. (ECF No. 314-3, Exh. B).

MCWE argues that, with the exception of Brenton Gee, none of these witnesses testified at trial and thus these witnesses were purely investigatory. However, all of these witnesses were on the final pretrial order as potential witnesses. Frank Hicks and Burton McCullough were both potential expert witnesses retained specifically to testify at trial. (ECF No. 261). Paul Honeycutt was "expected to provide testimony consistent with his deposition concerning (1) Wilkinson's employment history with Compass; (2) the termination of Wilkinson's employment with Compass; (3) policies and procedures." *Id*. Bonnie Karow was:

> expected to provide testimony consistent with her deposition concerning: (1) Compass' investigation of Wilkinson; (2) Compass' investigation of Christopher Hammatt and the Purported LOC; (3) conversations between Ms. Karow and other witnesses to this litigation; and (4) the Secret Services' investigation of Christopher Hammatt.

*Id.* And Andy Castro was:

> expected to provide testimony consistent with his deposition concerning: (1) his business dealing and transactions with Hammatt and MCWE; (2) his business relationship with Hammatt; (3) his retention of Hammatt to provide legal representation and the subsequent termination of said representation; (4) the knowledge of the Jade statute ("Jade") and discussion with Hammatt concerning the Jade; (5) conversations with MCWE and its representatives concerning the Subject Loan transaction and the Jade; and (6) conversations with MCWE's undersigned counsel concerning the Subject Loan Transaction and the Jade.

*Id.* At the time these witnesses' depositions were taken, it could reasonably be expected that their depositions would be used for trial preparation, rather than mere

discovery. Therefore, the costs of the deposition transcripts are recoverable. *See* Civ. L.R. 54.1(b)(3).

### 2. Standard Service of Process Fees

In its original Motion to Tax Costs, Compass sought reimbursement for priority and same day service of process fees. The Clerk denied this request. Compass now submits a request for reimbursement of $68.95 for regular service of deposition subpoenas on Castro, Hammatt, Wilkinson, Union Bank, Mora and Galuppo, despite the fact that it expended higher amounts for priority and same day service. (ECF No. 314). Compass Bank provides invoices supporting this request. (ECF No. 314-3, Exh. D; 314-3 Exh. C, pgs. 9, 11, 13, 15; ECF No. 300-2, pgs. 49, 54.)

Fees for service of process, including the costs for service of subpoenas are taxable. *See* Civ. L.R. 54.1(b)(1). Fees for expedited service are allowable only if the Court ordered service to be effected on an expedited basis. *Id.* Since the Court did not order that service be effected on an expedited basis in this case, the Clerk was correct to deny the original request. However, the Court finds the Motion to Retax Costs, reducing the amount requested to the standard service of process fees, is appropriate, and the Court will grant Compass Bank's motion on these grounds.

MCWE argues that these service of process fees are not recoverable because these witnesses never testified at trial. However, the subpoenas were not for trial attendance but for attendance at depositions. With the exception of Galuppo and Union Bank, all of these witnesses attended a deposition. Therefore, the costs for service of subpoenas to compel their attendance at the deposition are recoverable. With respect to Galuppo, as discussed above, he was a necessary witness because MCWE had indicated it may be relying on the advice of counsel as a defense. Therefore, Compass Bank was entitled to depose MCWE's counsel to determine what advice he gave to MCWE. The fact that MCWE then decided to withdraw the defense of counsel defense, rather than waive the attorney-client privilege, does not

undermine the fact that Compass Bank was within its rights to subpoena a necessary witness for a deposition, and is entitled to recover the costs of serving this witness with a subpoena. Likewise, Compass Bank served Union Bank with a subpoena for production of records. The costs of serving this subpoena are recoverable under Rule 54.1.

### 3. Mileage Fees for Witnesses Attending Depositions or Trial

Compass Bank submitted witness fees tendered and accepted by witnesses attending either depositions (Castro, Hammatt, Wilkinson and Mora) or trial (Galuppo, Wilkinson, Cerullo and Artz). The Clerk disallowed any amounts over the standard $40.00 witness fees. Compass Bank now submits additional documentation reflecting the fact that each of these witnesses was tendered and accepted a witness fee that included mileage reimbursement from the place in which the subpoena was served to the place of either the deposition or the courthouse.

Fees paid to a witness, including mileage, subsistence and attendance fees are recoverable as costs so long as the fees are provided to witnesses subpoenaed who actually attend the proceedings. *See* Civ. L.R. 54.1(b)(4)(a). Such fees are taxable even though the witness does not take the stand at the trial provided the witness necessarily attends court. *See* Civ. L.R. 54.1(b)(4)(b). In this case, witness fees, including mileage tendered to Castro, Hammatt, Wilkinson and Mora for their attendance at depositions, was reimburseable. Thus, Compass Bank's motion to retax the additional mileage amounts of $160.05 is granted.

Compass is also entitled to the mileage tendered and accepted to Wilkinson and Artz for their attendance at trial. Although Wilkinson was not actually called, he did attend court and was ordered back. However, the parties eventually concluded that his testimony would not be needed. Nonetheless, Compass Bank may obtain costs for these two witnesses, who both attended court. On the other hand, neither Galuppo nor Cerullo was compelled to attend court as a witness. Although Galuppo was present at counsel table, it was resolved before the trial began that MCWE would

not be relying on a defense of counsel defense, and thus Galuppo was not required to attend as a witness. Cerullo never attended court as a witness, and thus his fee is not recoverable. Therefore, the Clerk's award of $40.00 for each of these two witnesses was in error. The Court denies Compass Bank's request to add mileage fees for these two witnesses, and deducts $80.00 awarded by the clerk in error.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** MCWE's Motion to Retax Costs (ECF No. 313). The Court grants in part and denies in part Compass Bank's Motion to Retax Costs (ECF No. 314). Additional costs are granted in the amounts of: (1) $2,548.16 for deposition transcripts; (2) $413.70 for standard service of process fees for service of deposition subpoenas; (3) $160.05 mileage fees tendered to witnesses for attendance at depositions; and (4) $124.10 for mileage fees tendered to Wilkinson and Artz for their attendance at trial. The Court declines to award mileage fees in the amount of $78.29 for Galuppo and Cerullo who were not required to testify at trial, and the Court further finds that the $80.00 in witness fees for these two witnesses was awarded by the Clerk in error. Therefore, the Court **GRANTS** Compass Bank's Motion to Retax costs in the additional amount of $3166.01 above the amount ordered by the Clerk of $12,847.99, for a total costs bill of $16,014.00.

IT IS SO ORDERED.

DATED: December 9, 2015

Hon. Cynthia Bashant
United States District Judge