1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPASS BANK, an Alabama banking corporation, d/b/a "BBVA COMPASS,"<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MORRIS CERULLO WORLD EVANGELISM, a California corporation,<br><br>　　　　　　　　　Defendant.<br><br>AND RELATED CROSS-ACTIONS | Case No. 13-cv-654-BAS-WVG<br><br>**ORDER DENYING MOTION FOR SANCTIONS [ECF No. 323]** |

## I.    INTRODUCTION

Defendant MCWE's Motion for Sanctions (ECF No. 323) largely repackages arguments already raised and addressed by this Court. To the extent MCWE argues Compass Bank should be sanctioned for failing to produce the recording of a telephone call between Ms. Gurley and Mr. Wilkinson, Compass Bank has already been sanctioned for this conduct. To the extent MCWE argues there were additional telephone recordings that were not turned over, this was addressed by Judge Gallo

(ECF No. 177) and again at the Motions in Limine (ECF No. 277, 289). To the extent MCWE argues Compass Bank improperly noticed depositions of Mr. Galluppo and Mr. Cerullo, this argument was addressed at the Motions in Limine and also in the order regarding the retaxing of costs filed simultaneously with this Order (ECF No. 329). To the extent MCWE argues surveillance videos were never turned over, this issue was addressed at the Motions in Limine: Compass Bank has submitted evidence confirming that no surveillance videos exist and, even if they did, the fact of the meeting between Wilkinson and MCWE employees was undisputed at trial. It is unclear how any videos would add to the already agreed to testimony about the fact of this meeting.

MCWE raises only three new arguments for conduct that allegedly occurred or was discovered post-trial. Thus, the Court will address these arguments only. First, MCWE argues that Compass submitted bills post-trial showing that it had performed an investigation of the Century Letter of Credit which it had earlier denied. Second, MCWE argues that Compass submitted bills post-trial showing that it had analyzed telephone recordings that were never turned over. Third, MCWE argues that Compass submitted a frivolous motion for attorney's fees.

## II.  ANALYSIS

### A.  Investigation of the Century Letter of Credit

Post-trial, Compass Bank filed a Motion for Attorney Fees that included the following two entries:

> Analyze Compass's supplemental document production of Jack Wilkinson emails to ensure no information relating to Compass's investigation is disclosed to MCWE.

(ECF No. 301-3, pg. 141) and:

> Analyze Compass's supplemental document production of Hammatt communications with Wilkinson and other third parties concerning the Century Letter of Credit.

(ECF No. 301-3, pg. 262).

MCWE argues that this shows Compass Bank "performed investigations of

1  the letter of credit, despite denying at trial that it performed such investigations."
2  (ECF No. 323). This argument fails. MCWE confuses the investigation that was done
3  *after* Compass Bank actually learned of the fraudulent letter of credit and any
4  knowledge or investigation done *before* Compass Bank was given a copy of the
5  fraudulent letter of credit. At trial, Compass Bank denied that it had done any
6  investigation before it received a copy of the fraudulent letter of credit. After it
7  received a copy of the fraudulent letter of credit, however, it naturally wanted to
8  investigate its concerns with Wilkinson, who Compass Bank believed may be a
9  problem employee. The bills submitted post-trial do not show that Compass Bank
10 had conducted any sort of investigation until after the fraudulent letter of credit was
11 received.

### B. Analysis of Recorded Telephone Calls

MCWE claims that the Motion for Attorney Fees submitted post-trial shows Compass Bank withheld recorded telephone calls. The entry MCWE relies on reads "Analyze all recordings provided by client in preparation for trial." (ECF No. 301-1, pg. 309). MCWE's argument is unavailing. First, there were recordings exchanged between the parties, and nothing submitted by MCWE indicates that any recordings analyzed by Compass Bank were not turned over to MCWE. Second, MCWE is simply rehashing the argument it raised both before Judge Gallo and at Motions in Limine that recorded calls were withheld. Judge Gallo denied MCWE's Motion to Compel Discovery and to Impose Sanctions on this ground (ECF No. 177), and this Court refused to exclude evidence based on the argument that recorded telephone calls were not produced. (ECF No. 277, 289). The Court declines to revisit these rulings.

### C. Frivolous Motion for Attorney Fees

MCWE argues that Compass Bank should be sanctioned for filing a frivolous motion for attorney fees. "Sanctions should be reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal

foundation, or brought for an improper purpose." *Primus Automotive Financial Services, Inc. v. Baterse,* 115 F.3d 644, 649 (9th Cir. 1997). Therefore, "[b]efore awarding sanctions under its inherent powers, . . . [a] court must make an explicit finding that counsel's conduct constituted or was tantamount to bad faith." *Id.* at 648. This is particularly true "when the court uses its inherent powers to engage in fee shifting." *Id.* The court may not engage in such fee shifting as a sanction unless the sanctioned party "has engaged in bad-faith conduct or willful disobedience of the court's orders." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991).

In this case, the Court cannot find that the Motion for Attorney Fees is such a rare and exceptional case. The Court cannot find the Motion was brought in bad faith or in willful disobedience to the court's orders. Therefore, MCWE's Motion for Sanctions on this ground is denied.

### III.   CONCLUSION

For the foregoing reasons, MCWE's Motion for Sanctions (ECF No. 323) is **DENIED.**

**IT IS SO ORDERED.**

DATED: December 9, 2015

Hon. Cynthia Bashant
United States District Judge